ROBERTA CONNELY, executrix, &c., of Patrick Connely,
deceased,

*v.*

MARY HAGGARTY, administratrix, et al.

[Filed November 24th, 1903.]

1. The grantor, in a contract for the sale of land, having intentionally
avoided giving the grantee an opportunity to make a tender, may not
thereafter, in a suit by the grantee for specific performance, be heard to
complain of the absence of a tender.

2. Where a lease and contract for the sale of land held by one as a
trustee, recite that such person, "trustee, residing at * * * doth
hereby let," and they are signed and sealed by such person, and relate to
the trust property, they are to be construed as having been executed by
him in his fiduciary capacity.

3. A trust deed provided that the trustee might revoke or alter the
trusts declared, or that he might convey the land impressed with the
trust free of any trust, and receive the purchase-money, and that the pur-
chaser should not be liable for the application of it, and that the trustee
should hold it for the purposes declared in the trust, or such new uses
as he might appoint.—*Held,* that it was not necessary to a valid convey-
ance by the trustee that he should "revoke" the trust, inasmuch as the
power to sell or to revoke might be exercised separately, and the exercise
of the power to sell necessarily revoked the trust as to the land sold.

4. Under the lease containing an agreement to sell at a named price
at the option of the lessee, he became the purchaser of the right to buy
the property. His privilege to buy induced the taking of the lease and
the payment of the rent. He became a *bona fide* purchaser of the right
to buy, for the valuable consideration paid by him in the rent.

5. A trust deed provided that the trustee might convey the property
by deed, duly signed, sealed and acknowledged. The trustee executed a
contract whereby he, as trustee, leased the property to another for a
term of years, the lessee having the right to purchase for a certain sum.
Possession was given the lessee, who paid rent under the lease for several
years. The contract, renting the premises and giving the lessee the right
to purchase, was duly executed under the hands and seals of the trustee
and the lessee, in the presence of a subscribing witness, its execution and
delivery was duly proven and it was recorded in the county clerk's
office.—*Held,* the execution of the power by the trustee in making the
agreement is not defective as a contract to convey lands. By a mis-

Connely *v.* Haggarty.

take the mode of its execution varies from that prescribed in the trust deed, in that it is not acknowledged by the trustee. It is an established principle of equity that when the donee of a power attempts to execute it and by mistake does it imperfectly, equity will interpose to carry the donee's intention into effect, in aid of a *bona fide* purchaser for valuable consideration.

On bill for specific performance, answer and proofs.

The bill in this case is filed to compel the specific performance of a contract to convey a house and lot of land situate in Atlantic City in this state.

As originally filed, the complainant was Patrick F. Connely and the defendants were Michael Haggarty, trustee, and Daniel M. Haggarty.

It is undisputed that Charles S. Stockman and wife, by deed, dated October 31st, 1896, conveyed the premises in question to Michael Haggarty in fee upon the following-named trusts, and conferring the following-named powers:

"In trust for the uses, ends, intents and purposes, and under and subject to the several provisos, restrictions, limitations and conditions following, that is to say, that the said Michael Haggarty shall have, hold and enjoy said real estate and premises above described and shall collect and receive the rents, issues, income and profits arising therefrom, to and for his own use and benefit, for and during the term of his natural life; provided, however, that during all the term of his natural life, he, the said Michael Haggarty, shall keep said premises in good order and repair and pay all taxes, water rent and other legal costs and charges, including expenses of repairing which shall accrue against said premises or for the same during said term or period; and from and immediately after the death of the said Michael Haggarty, then that the heirs, executors, administrators, successors or assigns of him, the said Michael Haggarty, trustee as aforesaid, shall grant and convey by full and proper deed or deeds of conveyance absolutely and in fee-simple, the said premises and real estate hereinbefore described, or assign, transfer and deliver the proceeds of said real estate (if it then be sold) unto Daniel M. Haggarty, son of the said Michael Haggarty, his heirs and assigns forever; provided always nevertheless, and it is hereby expressly declared, agreed and understood between said parties hereto, that it may and shall be lawful for the said Michael Haggarty, by any deed or deeds, writing or writings to be by him duly signed, sealed, executed, acknowledged, delivered and recorded, to revoke, alter, change and make void all and every of any of the uses and estates hereinbefore limited

and declared of and concerning the said hereby granted premises, or any part thereof, and by such deed or deeds, writing or writings, to grant, bargain, sell or convey said premises or any part thereof in fee-simple, in mortgage or for any less estate, freed and discharged of and from any and every trust or limitation whatever, to such person or persons and for such price or sum as he, Michael Haggarty, shall deem proper ; or by such deed or deeds, writing or writings, to appoint and declare new and other uses of the said premises as to him shall seem meet ; and provided further, the moneys arising from any such sale or sales or loaned upon mortgage, shall be received by and receipted for by the said Michael Haggarty, without any liability to or on part of purchaser or purchasers or mortgagee."

On the 16th day of November, 1897, an agreement, under seal, signed by Haggarty and Connely, witnesses that Michael Haggarty, trustee, leases the premises in question to Patrick J. Connely for a term of five years from the 1st day of January, 1898, at the annual rental of $600, with full covenants between lessor and lessee, containing also the following clause :

"It is also covenanted and agreed that at any time within the period of five years from and after the first day of January, A. D. 1898, the said lessee shall have the right and privilege of purchasing said real estate and premises for the price or sum of $10,000."

This agreement of lease and contract for sale under the hands and seals of both Haggarty and Connely has annexed to it the following proof :

"State of New Jersey, Atlantic County, *ss.*—Be it remembered, that on this twenty second day of November A. D. 1897, before me the subscriber, a Master in Chancery of New Jersey, personally came Horace J. Keller, of full age, who being by me duly sworn on his oath saith that he saw the within named Michael Haggarty and Patrick F. Connely sign, seal and deliver the within instrument as their voluntary act and deed, and that the deponent at the same time signed the same as subscribing witness.

　　　　　　　　　　　　　　　　　　"H. J. KELLER.

"Sworn and subscribed before me at Atlantic City, New Jersey, the day and year aforesaid.
　　　　　　　　　　"HARRY WOOTTON, *M. C. C. of N. J.*"

The instrument was recorded in Atlantic county clerk's office on November 23d, 1897, in Book 4 of Agreements, page 47, &c.

Under the agreement, Connely went into possession of the premises and has continued in possession since that time and still remained in possession at the time of the filing of the bill of complaint. About the 1st day of September, 1901, Connely sought to demand from Haggarty the performance of the covenant to convey the premises, in accordance with the agreement. Mr. Connely, in furtherance of this purpose, in November, 1891, gave written notice to Haggarty, fixing the 20th day of November, 1901, at twelve o'clock, noon, as the time and Haggarty's own house as the place, when and where Connely would attend to carry the agreement to purchase the trust property into effect, and asking Haggarty if the date did not suit him, to notify him (Connely). Receiving no reply, Connely, with his attorney, attended at the time and place named, with the $10,000 purchase-money and an unexecuted deed (conveying the premises in question), ready for execution, to be made to him by Haggarty, as trustee, in accordance with the agreement.

Mr. Connely and his attorney did not find Mr. Haggarty at home, nor did they receive any explanation of his absence. It is quite clearly indicated by the circumstances of the case and by defendants' answer in this cause, that Mr. Haggarty did not intend to comply with his agreement to convey to Connely, and that he was probably prompted thereto by his son, Daniel M. Haggarty, the remainderman under the terms of the trust above recited and one of the defendants in this cause.

The complainant, by his agents and attorneys, sought at other times an opportunity to demand from Mr. Haggarty performance of his agreement, but was unable to find him for that purpose.

On the 21st day of December, 1901, the complainant, Patrick F. Connely, filed his bill of complaint in this cause, praying that Mr. Haggarty might be decreed specifically to perform the agreement by conveying the trust property to the complainant upon payment of the purchase-money, $10,000, and for other relief, and making Daniel M. Haggarty, the remainderman, also defendant.

Michael Haggarty answered the bill individually and also as trustee, and Daniel M. Haggarty, the other defendant, joined with him in the answer. They admit the making of the agreement of lease, that complainant took possession of the premises, and that he paid rent therefor according to the term of the lease; but they deny that Michael Haggarty entered into any agreement as trustee. They admit that Haggarty received a notice from Connely, demanding conveyance of the premises, but deny that he eluded the complainant in his effort to make a tender and demand for the performance of the agreement, and leave the complainant to make proof of his allegations in that respect; and they aver that Daniel M. Haggarty has an interest in the premises as *cestui que trust* which the agreement does not affect; that Michael Haggarty was without power, either as trustee or individually, to sell or convey the premises, and that, as against the right of Daniel M. Haggarty, Michael Haggarty's agreement for the sale of the premises is void and unenforceable in law and in equity. The defendants pray the same benefit as if they had demurred to complainant's bill.

When the cause came on for hearing it was disclosed that Patrick F. Connely, the complainant, had departed this life on the —— day of ————, and also that Michael Haggarty, the principal defendant, had also died on the —— day of ——. By agreement of counsel at the hearing, the legal representatives of the complainant, Patrick F. Connely, were substituted as complainants, and the heirs-at-law of the defendant, Michael Haggarty, were substituted as defendants, counsel agreeing that the bill of complaint and the answer should be taken to be the bill of complaint and answer of the substituted complainants and defendants, respectively.

The cause came to a hearing between these substituted parties.

*Mr. Harry Wootton* and *Mr. Clarence L. Cole,* for the complainants.

*Mr. David J. Pancoast,* for the defendants.

Grey, V. C.

The questions in dispute between the parties in this case are almost entirely matters of law. Some contention was made by the defendants in argument that no efficient tender of performance was shown on the part of the complainants, but the testimony clearly indicates that Mr. Connely, in his lifetime, had made known to Haggarty, in his lifetime, that he (Connely) demanded the performance of the contract to convey the premises in question; that Haggarty was unwilling to do so, probably prompted thereto by the suggestions of Daniel M. Haggarty, his son, who was the remainderman in the above-mentioned trust.

This unwillingness on the part of Mr. Haggarty to convey the property in accordance with the agreement, was in no way based upon Mr. Connely's omission to make a full and formal tender of the purchase-money and proffer the deed to be made conveying the premises. It is plainly indicated that, if all these things had been done, Mr. Haggarty would still have refused to convey the property, for he absolutely denied the right of Mr. Connely to have any such conveyance.

It is also but a fair inference from the testimony offered in the case, that Haggarty purposely avoided giving to Mr. Connely any opportunity to make the tender in question. It does not lie with Mr. Haggarty, or those who stand in his place, having created a situation which avoided the formalities of a tender, to complain that they were not observed.

The defendants claim that Michael Haggarty had no power to convey the premises in question according to the terms of the agreement, and that, as against Daniel M. Haggarty, the remainderman under the deed of trust, Michael Haggarty's agreement to convey, is void.

Two points are made against the obligation to convey—*first,* that the agreement was not made by Mr. Haggarty as trustee; *second,* that the agreement is not, in the mode of its execution, in conformity with the requirements of the deed of trust under which Haggarty held the title.

Connely *v.* Haggarty.

As to the first point, the agreement opens thus: "This agreement witnesseth, That Michael Haggarty, Trustee, residing, &c., * * * doth hereby let unto Patrick F. Connely, of," &c. Then follow the lease and covenants and the agreement to convey, as above quoted. It is signed at the end, "Michael Haggarty, Patrick F. Connely," with seals attached.

The agreement is, in its premises, one made between Michael Haggarty, in his capacity of trustee, witnessed and attested by his signature and seal. It was not necessary to its efficiency as an act done in the capacity of trustee that the full terms of the trust should be recited in the body of the instrument, nor that they should be appended to the signature of the trustee. The undertaking purports to have been made by the trustee; it relates to the trust property. Under it possession of the trust property has been given to the lessee, and rents have annually been received by Mr. Haggarty for many years. It was plainly intended to be a lease and agreement to convey by the trustee, who alone had power to make such an agreement.

The contract must be held to have been executed by Michael Haggarty as trustee.

The other contention is that by the terms of the Stockman trust deed to Michael Haggarty, the power to convey the property was required to be exercised by a deed or writing by Haggarty, "duly signed, sealed, executed, acknowledged, delivered and recorded," revoking the trust and granting the premises, &c. It is argued that the terms of the trust require that the trustee shall both revoke the trusts and grant the trust property.

The gift of the power to sell is separated by the disjunctive "or" from the gift of the power to revoke or alter the trusts. Either power may be exercised separately from the other. The exercise of the power to sell the land conveyed in trust would necessarily revoke the trust, so far as it applies to the land sold, and relate the trust to the purchase-money. The deed, in terms, provides that the sale shall convey the property "freed and discharged of and from any and every trust or limitation whatever," and further provides that Michael Haggarty should re-

ceive the purchase-money, and that the purchaser should not be liable for the application of it, and that Michael Haggarty should hold it for the purposes declared in the trust, or such other new uses as he may appoint.

The most significant contention of the defendants is that the trust deed requires that any grant of the trust property must be by a deed or writing by Michael Haggarty, signed, sealed, executed, acknowledged, delivered and recorded; that this is a prescription of the mode in which Haggarty must exercise the power to sell in order, effectively, to pass the title as against Daniel M. Haggarty, the remainderman.

The agreement to convey, upon which the complainants rely, was signed, sealed, executed and delivered by Michael Haggarty, and has been recorded, but it was not acknowledged by Michael Haggarty. It was, however, proven by the appended deposition of H. J. Keller, the subscribing witness,

"that he saw the within named Michael Haggarty and Patrick F. Connely sign, seal and deliver the within instrument as their voluntary act and deed, and that the deponent at the same time signed the same as subscribing witness."

The defendants contend that this proof is not a compliance with the requirement of the deed of trust that any conveyance made by the trustee of the trust property must be acknowledged by him, and I am referred to the case of *Orton* v. *Metuchen, 37 Vr. 572.* In that case a statute required that the consent of the owner of land fronting on a street that a trolley road should be laid should be "executed and acknowledged as are deeds intended to be recorded." The trolley company presented a consent, the execution whereof was not acknowledged, but proven by the subscribing witness. The supreme court held that because of this failure to acknowledge as required by the statute the consent was invalid.

The complainants in the case now under consideration insist that the proof of the agreement by the subscribing witness was a substantial compliance with the requirements of the deed of trust in the execution of the power.

.The rights of the complainants are, I think, to be ascertained and considered from a somewhat different point of view, and are not controlled by the necessity for rigid observance of the manner in which an instrument has been executed, as was enforced by the supreme court in the case cited.

The intent of Mr. Haggarty to enter into the agreement to convey the trust property to Mr. Connely is, I think, beyond question. The agreement itself is entirely clear in its expression of an undertaking to convey. The clause containing that agreement is all in manuscript, inserted in an appropriate blank provided for that purpose, indicating that it was the subject of especial preparation. Possession of the trust property was given under this agreement, and rent was paid under its provisions for several years. The intent to lease and to agree to convey is, I think, so plainly shown that it cannot be questioned. The defect alleged is not that the power to convey was not intended to be exercised, but that in the execution of it the trustee did not observe with precision the mode prescribed in the gift of the power.

It must be noted that Mr. Connely, by the agreement of lease and privilege to purchase, became and was a *bona fide* purchaser of the right to have a conveyance of the trust property if he chose to demand it. This was not a mere option proffered to him, but a privilege, which induced the taking of the lease and the payment of rent. *McCormick* v. *Stephany, 16 Dick. Ch. Rep. 218,* and cases there cited.

The situation is this: A donee of a power to convey lands, intending to exercise it, entered into an agreement with a *bona fide* purchaser, who paid him a valuable consideration for lands intended to pass under the power. The instrument executed by the donee fully shows the purpose on the part of the donee to convey the property. It is not defective in its legal force and effect as an agreement to convey, but only in the manner in which it was executed, in that it does not, with precision, comply with the mode prescribed in the gift of the power.

It is, I think, an entirely well established principle that when

a party undertakes to execute a power, and by mistake does it imperfectly, equity will interpose to carry his intention into effect in aid of those persons who are within its proper consideration. *1 Story Eq. Jur. 170.* Equity will extend this remedy to creditors, purchasers for valuable consideration and wives and children of the donee of the power. *1 Story Eq. Jur. 170; 2 Sugd. Pow. ch. 10.*

The enforcement of this equity does no injustice to Daniel M. Haggarty, the remainderman. He takes under the trust deed apparently as a volunteer, and subject to the possibility of the exercise of the power of sale therein expressed. He still receives under the trust the benefit of the purchase-money of the trust property, and has no equity which is in any way superior to that of the *bona fide* purchaser from Michael Haggarty, the holder of the power, whose instrument, plainly intended to execute the power, is defective solely because it was not in terms acknowledged, though it was proven.

If it be conceded that the defendants' contention is correct, and that the instrument by which Michael Haggarty executed the power was in the manner of its execution defective, the complainants are still entitled to the favorable consideration of this court, on the ground that Mr. Connely, under whom they claim, was a *bona fide* purchaser for value, and that the challenged instrument sufficiently expresses the intention of Mr. Haggarty to exercise the power, and is defective only in the manner of its execution, and equity will in such a case aid that by its decree.

I will advise a decree for complainants in accordance with the views above expressed.