JACOB GLOS *et al.*

*v.*

JENNIE G. GARRETT.

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

1. EVIDENCE—*party not entitled to cross-examine counsel who made affidavit for introducing copy of deed.* Where an affidavit for the introduction of a certified copy of a deed is positive in its terms and meets all the requirements of the statute, the opposite party is not entitled to cross-examine the affiant as to the truth of the affidavit.

2. SAME—*what is not a variance.* Where a bill to remove a cloud alleges that complainant is the owner of the premises in fee simple, an allegation that she derived her title by a deed from a certain person and his wife is superfluous; and where the deed offered in evidence is objected to because of lack of evidence of the official character of the notary who took the wife's acknowledgment to the deed in a foreign State, the deed may be given in evidence as the deed of the husband alone, without creating a material variance.

3. CLOUD ON TITLE—*when allegation of ownership is sustained.* In a proceeding to remove a cloud from title, proof of a warranty deed to complainant, coupled with proof that at the time the bill was filed persons living in a house on the premises were paying rent to the complainant, is sufficient proof of complainant's allegation of ownership.

4. SAME—*re-imbursement is a condition precedent to relief in setting aside a tax deed.* It is a condition precedent to relief in a proceeding to set aside a tax deed as a cloud upon title, that the complainant shall re-imburse the holder of the deed for moneys expended, with interest thereon.

5. TENDER—*tender before suit begun is essential to decreeing costs against the holder of tax deed.* To justify decreeing the costs against the holder of the tax deed sought to be set aside as a cloud, the complainant must, before commencing suit, tender the whole amount paid at the tax sale, with subsequent taxes, costs and interest, and keep such tender good by bringing the money into court.

6. SAME—*when tender is sufficient to justify apportioning costs.* In a proceeding to set aside a tax deed and a quit-claim deed to an undivided one-third interest in the premises, if the holder of the quit-claim deed is represented by counsel at the hearing before the master, an offer made to her counsel before the hearing to pay the amount due her, coupled with the fact that the money is left

with the master and brought into court on refusal of counsel to accept it, is sufficient tender to justify the court in requiring her to pay one-third of the master's charges.

7. VENUE—*what is reasonable notice of a change of venue is largely discretionary with the judge.* The obligation of a judge to grant a change of venue to one who brings himself within the provisions of the statute is imperative; but the statute requires reasonable notice, and what is reasonable notice in a particular case must be left to the judge to whom the application was made, and that discretion will not be interfered with on appeal unless abused.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JACOB GLOS, *pro se;* JOHN R. O'CONNOR, for appellant Emma J. Glos.

ALFRED E. HOLT, and WILLARD D. NORTON, (OTIS H. WALDO, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county entered a decree upon a bill filed by the appellee, Jennie G. Garrett, setting aside a tax deed of premises in said county to the appellant Jacob Glos and a quit-claim deed of an undivided one-third of said premises from him to the appellant Emma J. Glos, and requiring Jacob Glos to pay two-thirds of the master's charges upon a reference and Emma J. Glos to pay one-third.

Appellants contend that there was no competent evidence that appellee owned the premises at the time the bill was filed. The evidence of title consisted of a certified copy of a warranty deed from Jonathan Pettet and wife to appellee, and proof of possession. The solicitor for appellee made an affidavit, in compliance with the statute, for the purpose of introducing a certified copy of the record. Appellants asked the privilege of cross-examining the maker of the affidavit as to its contents, and the request was denied. The solicitor

testified generally in the case, but the proposed examination would not have been cross-examination as to anything he testified to as a witness. The affidavit was positive in its terms and met all the requirements of the statute, and appellants were not entitled to cross-examine the maker of it as to its truth. The certified copy of the record showed that the deed was acknowledged by the wife before a notary public in the State of Ohio, and it was objected to for want of evidence of his official character. It was then offered as a deed of Jonathan Pettet alone, and it is insisted that this created a variance between the allegations of the bill and the proof. The averments of the bill were that appellee was the owner of the premises in fee simple and was in possession and derived her title by a deed from Jonathan Pettet and wife. The description of the deed was superfluous and there was no variance in any material matter. The evidence of possession was, that when the bill was filed the premises were improved by a two-story frame house, which was in the possession of two persons, who were paying rent at $30 a month to appellee. They were her tenants and their possession was her possession. The possession in connection with the warranty deed was sufficient to support the allegation of ownership for the purpose of removing a cloud from the title.

It is also contended that the court erred in requiring Emma J. Glos to pay one-third of the master's charges. Where a bill is filed to set aside a tax deed it is a condition precedent to the relief that the complainant shall reimburse the holder of the deed for moneys expended, with interest thereon. If a complainant in such a case desires to place the owner of the tax title in the wrong, he must, before commencement of the suit, tender the whole amount paid at the tax sale, with subsequent taxes, costs and interest, and keep such tender good by bringing the money into court, and if he fails to do so costs cannot be decreed against defendants. (*Gage* v. *Arndt,* 121 Ill. 491; *Mccartney* v. *Morse,* 137 id.

481; *Cotes* v. *Rohrbeck,* 139 id. 532; *Gage* v. *Goudy,* 141 id. 215; *Glos* v. *McKeown,* id. 288.) The bill alleged that appellee had tendered to appellants all the money, taxes and costs, with legal interest thereon, which they had expended, and that they had refused to accept the same. The bill also alleged that the appellee was ready and willing, and thereby offered, to pay them whatever equity might require. At the hearing is was proved that a tender had been made to Jacob Glos of $36.24, two-thirds of the amount necessary to entitle appellee to have the tax deed removed as a cloud. There had been no tender to Emma J. Glos, but at the first hearing before the master $21.12 was offered to her solicitor for one-third of the amount necessary to satisfy the claim for reimbursement, together with all the costs incurred by her up to that time. At the same time an offer was made to pay the amount previously tendered to Jacob Glos, but the moneys were not accepted and were left with the master and brought into court. It is urged that the tender was insufficient to charge Emma J. Glos with costs for the reason that she was not present, and that a solicitor has no authority, by virtue of his employment, to accept money in such a case. The cause was on hearing before the master, where Emma J. Glos appeared by her counsel, and we regard the offer to pay her the amount due at such hearing as sufficient. Ordinarily an attorney has a right, without proof of special authority, to receive and receipt for the amount due his client. Although it is necessary, in order that the costs of the suit may be decreed against the defendant, that a tender shall be made before the filing of the bill, it was held in *Glos* v. *Stern,* 213 Ill. 325, that a refusal by a defendant to accept a tender of all that he is entitled to after the suit is commenced will justify a court in making an apportionment of the costs and requiring him to pay such costs as are occasioned by his wrongful refusal. The court would not be justified in practically accomplishing the same result in such a case as in a case where a tender is made before suit, un-

der the pretext of apportioning costs, and we would not be ready to establish a rule that a complainant might at any time during the progress of the hearing make a tender of the amount due and require the other party to pay the subsequent costs. But this tender was made before the proceedings on the reference began, and the apportionment was not unreasonable.

Appellants also insist that the court erred in denying their petition for a change of venue and in setting aside one of the rules of the court, and that there was an abuse of discretion in both instances. The proceedings in the cause had been before another judge of the superior court, and on July 6, 1905, notice was given to the solicitor for the appellants that exceptions to the master's report would be called up on Monday, July 10, before the judge who heard the exceptions and entered the decree. Appellants had filed objections to the report before the master and they were overruled on March 15, 1904. The report had remained with the master for one year and three months thereafter, during which time no action had been taken in the case. On July 10 the solicitor for appellants appeared in court and stated the circumstances of the case and that he was engaged in another court, whereupon he was ruled to file exceptions to the report by Wednesday morning of that week, at ten o'clock. He then stated that he should probably ask for a change of venue, and that they had been trying to agree upon another judge to hear the case, and gave verbal notice of the intended application to opposing counsel. From that point the contest appears to have been between the judge and appellants, and the certificate of evidence shows that the following proceedings then took place: The judge ordered the case to proceed at once and the solicitor asked for time to file exceptions, whereupon he was ruled to file them instanter. The solicitor invoked the rule that under that order he had all of the day until the adjournment of the court to file his exceptions, but the judge said that instanter meant at once, and

he could sit down there and write his exceptions. The judge
set aside the order giving until Wednesday morning at ten
o'clock to file exceptions, but upon counsel for appellee con-
ceding that the solicitor was actually engaged in empaneling
a jury in another court, which he had left to attend to this
matter, an order was entered allowing him to file exceptions
by ten o'clock the next morning. At that time the solicitor
presented a petition of the appellants for a change of venue.
It was in all respects in compliance with the statute, but the
judge ruled that the notice given the day before was insuf-
ficient, denied the petition and ordered the case to proceed
at once. The rule to file exceptions had been complied with,
and the solicitor for appellants then insisted upon a compli-
ance with the rules of the court by which the hearing of ex-
ceptions to masters' reports were to be put on the contested
motion calendar. The court denied the motion under a rule
for emergency matters, on the ground that the time for
redemption from a foreclosure sale of the premises would
expire in the following September. The solicitor being still
engaged in the trial of a case in another court which he had
left temporarily, asked for further time, but the court or-
dered him to proceed at once, and upon the exceptions being
read, overruled them and entered the decree.

The obligation of a judge to allow a change of venue to
one who brings himself within the provisions of the statute
is imperative and admits of the exercise of no discretion.
(*Clark* v. *People,* 1 Scam. 117.) But the statute requires
reasonable notice, and what is reasonable notice in a partic-
ular case must be left to the discretion of the judge to whom
the application is made, and that discretion will not be in-
terfered with unless abused. (*Berry* v. *Wilkinson,* 1 Scam.
164.) The cause had not previously been on the calendar
of the judge who heard it, but appellants had received notice
on July 6 that the exceptions would be called up before him
on July 10. We cannot say that it was an abuse of discre-
tion on the part of the court to hold that notice for one day

under such circumstances was insufficient, and the same must be said of the decision that there was an emergency justifying the setting aside of the rule of the court. The emergency was not great, as the time for redemption did not expire until some time in September, but the matter was so largely in the discretion of the court that we are not disposed to reverse the decree on that account.

The tax·deed was clearly invalid and there was no meritorious defense to the bill. No other result as to the merits could have been reached, and upon a consideration of the whole case the decree is affirmed.    *Decree affirmed.*