(No. 12803.—Judgment affirmed.)

SELENA A. BARTO, Appellee, vs. HARRY D. KELLOGG, Appellant.

*Opinion filed October 27, 1919.*

1. EJECTMENT—*when testimony of attorney for plaintiff is sufficient to show possession in defendant.* Although the attorney for the plaintiff in an ejectment suit, upon the employment of other counsel to conduct the trial, is competent to testify for the plaintiff, yet upon any controverted question of fact his testimony is entitled to but little weight, but his uncontradicted testimony that the defendant was in possession of the land when suit was brought is sufficient to show that fact.

2. SAME—*a homestead estate does not arise from mere fact of ownership.* A homestead estate does not arise from the mere fact of ownership but from occupancy under the conditions specified in the statute, and a quit-claim deed from a grantor to his wife, as evidence to support the chain of title in the plaintiff in an ejectment suit, cannot be objected to as leaving a homestead in the grantor and his heirs, where there is no evidence that the premises were occupied by the grantor as a homestead when the deed was made or at any time before or after.

3. SAME—*when copy of demand for possession may be admitted in evidence.* A copy of the demand for possession served upon the defendant in an ejectment suit may be admitted in evidence, although notice to produce the original is served after commencement of the trial, where no delay is asked by the defendant for time to produce the paper, as it is for the court in such case to determine whether reasonable time is given under all the circumstances.

APPEAL from the Superior Court of Cook county; the Hon. J. J. SULLIVAN, Judge, presiding.

CAVENDER & KAISER, for appellant.

LEMUEL M. ACKLEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 2, 1912, Selena A. Barto, appellee, commenced a suit in ejectment in the superior court of Cook county against Harry D. Kellogg, appellant, to recover possession

of two tracts of land in the village of Arlington Heights, in that county, alleging her ownership in fee simple. The declaration was amended on October 22, 1913, by making Nellie Kellogg, wife of the appellant, a defendant with him, but at the trial the suit was dismissed as to her. Appellant filed a plea of the general issue and afterward two additional pleas,—one denying that he was in possession of the premises, or any part thereof, at the time of the bringing of the suit, and the other denying that he claimed any title or interest in and to an undivided three-fourths of the premises, or any part thereof, at the commencement of the suit. The replication to the first additional plea alleged that the appellant was in the possession of the premises, and to the second additional plea the appellee replied that the appellant claimed title and interest in and to the whole of the premises. There was a trial of the issues, resulting in a verdict on February 11, 1919, for the appellee, and judgment was rendered accordingly and an appeal taken to this court.

The errors assigned and argued are (1) that there was no competent evidence that the appellant was in possession of the real estate at the commencement of the suit; (2) that appellee was not the owner in fee simple of the premises; (3) that the court erred in admitting in evidence certain exhibits offered by the appellee.

Lemuel M. Ackley was the attorney for the plaintiff, but he procured another attorney to conduct the trial and was the only witness for the plaintiff. The tracts of land were spoken of as the five-acre tract and the ten-acre tract, and he testified that prior to the commencement of the suit he was on the tract called the five-acre tract and found Nellie Kellogg, wife of the defendant, in an unpainted farm house on the land; that on July 2, 1912, when he made the demand hereinafter stated for possession of the premises, he asked the defendant what title he claimed to the property, and the defendant stated that he had possession

289 – 34

of the premises under a tax deed and payment of taxes and improvements he had put on the different pieces. The attorney knew when he brought the suit that he would be an indispensable witness, and his conduct in bringing and managing the suit and furnishing the evidence for its successful prosecution was unbecoming, and upon any controverted question of fact his testimony would be entitled to but little weight. The competency of witnesses, however, is not determined by such considerations, and he was entitled to testify if he chose to do so. (*Wilkinson* v. *People,* 226 Ill. 135; *Bishop* v. *Hilliard,* 227 id. 382; *Glanz* v. *Ziabek,* 233 id. 22.) His testimony was not contradicted, and was sufficient, as against the defendant, to show that he was in the possession that he claimed.

The plaintiff proved a connected chain of title by successive conveyances from the government to herself, but one was a quit-claim deed from William H. Sisson to Frances L. Sisson, his wife, dated and acknowledged April 27, 1903, and recorded October 27, 1910, and it is objected that this deed left a homestead estate in the grantor, which was still in him or his heirs-at-law. If Sisson had a homestead estate in the property it was not conveyed by the quit-claim deed to his wife; (*Gray* v. *Schofield,* 175 Ill. 36; *Davis* v. *McCullouch,* 192 id. 277;) but there was no evidence that the premises were occupied by the grantor as a homestead when the deed was made or at any time before or after. A homestead estate does not arise from the mere fact of ownership but from occupancy under the conditions specified in the statute, and there is no presumption that property is so occupied. There being no evidence that the requisite conditions existed, it cannot be said that the deed did not convey the fee.

Before Sisson made the deed to his wife George H. Gaylord recovered a judgment against Sisson on January 15, 1903, for $2500. Execution was issued on March 5, 1903, and returned June 5, 1903, "No property found."

On June 8, 1908, the judgment was assigned to Lemuel M. Ackley, who assigned the same on that day to Emma H. Russell, and an *alias* execution was then issued and levied upon the real estate. The execution was returned on March 26, 1909, no part satisfied because the plaintiff failed to advance the necessary costs to advertise and sell the property. On October 22, 1908, Emma H. Russell filed her bill in the superior court against William H. Sisson and wife and other defendants in aid of the *alias* execution, alleging that Sisson was the owner in fee of the premises and praying that he be adjudged to be such owner and certain incumbrances be removed and released of record. A decree entered April 22, 1909, granted the relief prayed for and ordered the sheriff to sell the land levied upon. On August 8, 1910, a writ of *venditioni exponas* was issued but no proceedings were had thereunder, and on December 1, 1910, the court ordered an *alias* writ of the same character commanding the sheriff to sell the property levied on. The property was sold to the plaintiff and a sheriff's deed was executed to her. The evidence showed title in fee simple in the plaintiff.

To prove the replication to the second additional plea the plaintiff offered in evidence a tax deed of the whole of the premises made to the defendant for the taxes of 1903, under which he claimed possession and title.

The claim that the court erred in admitting in evidence copies of deeds in the chain of title rests on the ground that the affidavit of Ackley was not in full compliance with the statute. The affidavit contained every one of the particulars mentioned in sections 35 and 36 of the Conveyance act, and as it met all the requirements of the statute it was sufficient for the introduction of copies. *Glos* v. *Garrett,* 219 Ill. 208; *Spitzer* v. *Schlatt,* 249 id. 416; *Wyman* v. *City of Chicago,* 254 id. 202.

The court admitted a copy of a demand for possession served by Ackley upon the defendant on July 2, 1912, be-

fore the commencement of the suit. Notice to the defendant's attorneys to produce the original had been served after the commencement of the trial, and objection to a copy was made on the ground that notice had not been served for a reasonable length of time to give the defendant an opportunity to produce the paper. No delay was asked for on that ground, and it was for the court to determine whether reasonable time was given under all the circumstances.

The judgment is affirmed.          *Judgment affirmed.*