(No. 20052.—

MAXIMILIAN J. ST. GEORGE, Appellee, *vs.* ELIZABETH BENDER *et al.*—(THE ELMHURST STATE BANK, Trustee, *et al.* Appellants.)

*Opinion filed December 18, 1930—Rehearing denied Feb. 4, 1931.*

JOHN R. O'CONNOR, ALBEN F. BATES, and STEPHEN D. MONAHAN, for appellants.

MAXIMILIAN J. ST. GEORGE, *pro se.*

Mr. COMMISSIONER EDMUNDS reported this opinion:

On October 5, 1928, Maximilian J. St. George, appellee, filed his bill in the circuit court of Cook county praying for partition of certain premises and the setting aside of outstanding tax deeds as clouds upon the title thereof. After a hearing by the chancellor a decree was entered in accordance with the prayer of the bill. This appeal by the

Elmhurst State Bank, Lucy M. Glos, and others, who were made defendants, followed.

The bill alleges, among other things, that appellee and Elizabeth Bender are the owners in fee of lots 8, 9 and 28 in a certain described subdivision in Cook county, Illinois; that appellee's title to the lots was derived by quit-claim deeds from the city of Chicago on or about November 29, 1919, the city of Chicago having derived its title under certain tax deeds; that as soon as appellee received the quit-claim deeds from the city of Chicago he took possession of the lots, causing a fence to be built around them; that the lots were purchased for the purpose of constructing a coal and building-material yard; that at said time he caused to be moved to the lot immediately adjoining lots 8 and 9 a building to be used as an office building in the conduct of the business; that he caused cinders to be put on lot 28 and had lots 8 and 9 dug up for the purpose of putting a scale therein; that he had "For rent" signs placed upon the lots, and these signs have remained thereon to the present date; that on March 15, 1927, he leased the lots to the General Outdoor Advertising Company for a period of five years, and said company is now in possession as appellee's tenant and has constructed a large sign across the lots; that appellee has paid taxes, forfeitures and special assessments on the lots from 1919 to 1927, setting them out in detail; that on February 21, 1921, appellee and his wife transferred the lots to Mayme E. Phillips for the purpose of having her transfer the lots to the Advance Forging and Tool Works, a corporation, and she did on April 28, 1921, transfer title to said corporation; that the purpose of these deeds was to enable the corporation to erect a drop forge plant upon the lots; that because of inability to secure certain consents this attempt was abandoned and the lots were on November 3, 1922, by warranty deed from the corporation, transferred to appellee, and that on May 19, 1927, for valuable consideration, appellee and his wife quit-claimed to

Elizabeth Bender an undivided one-half interest in the lots. The bill further alleges that the Elmhurst State Bank, as trustee under trust No. 29, derived under tax deeds to Jacob Glos and Parker E. Baird, holds a tax title to lot 28, and that Lucy M. Glos, as widow of Henry Glos, holds a tax title to lots 8 and 9; that for the purpose of avoiding the expense of litigation appellee offered to pay Mrs. Glos and the Elmhurst State Bank whatever money was equitably found due them by the county clerk of Cook county; that they have demanded a sum in excess of that which is just and equitable, but that appellee still offers to do equity to Mrs. Glos and the Elmhurst State Bank as to the court may seem just and meet. The bill then alleges that by virtue of the foregoing, appellee and Elizabeth Bender are seized in fee simple of the lots to the exclusion of all others, makes Mrs. Glos, the Elmhurst State Bank and all others asserting claim to the premises parties defendant, and prays partition and that "the outstanding tax deeds running to the said Lucy M. Glos and the Elmhurst State Bank" be set aside as a cloud on title, and "that all said deeds" may be canceled, concluding with a prayer for general relief.

Certain of the defendants were defaulted and separate answers were filed by the others. In each of these answers it is denied that appellee is the owner of the lots and it is alleged that the party making answer is the owner of the premises described. The answer of the Elmhurst State Bank alleges that "it is the holder of the legal title in and to the said premises by virtue of certain tax deeds and conveyances heretofore described in complainant's bill of complaint, as trustee for the defendants Emma J. Glos, Clara G. Bates, Mabelle L. Glos and Albert H. Glos, and denies that the said tax deeds are invalid for any reason whatsoever. This defendant denies that its title to the said premises is invalid for any reason whatsoever, and denies that there is any reason why the said tax deeds should be set aside and declared null and void or delivered up or can-

celed by the court." The answer of Lucy M. Glos alleges that "she is the holder of a legal title in and to the said premises by virtue of one certain tax deed to Henry L. Glos, [describing the deed as set forth in appellee's bill of complaint,] which said title became the property of this defendant upon the death of her husband, Henry L. Glos, and this defendant denies that the said title or the said tax deed is invalid for any reason whatsoever."

The decree finds, among other things, that the court has jurisdiction of the parties and the subject matter; that prior to the filing of the bill complainant tendered to the Elmhurst State Bank and Lucy M. Glos whatever money was equitably found due them by the county clerk of Cook county under and by virtue of their outstanding tax titles, and renewed such tender before the hearing, but these tenders were refused, and that appellee and Elizabeth Bender are each the owner of an undivided one-half of the premises described. It orders that all outstanding tax titles in the property held by the Elmhurst State Bank and Mrs. Glos be set aside and declared null and void. It further orders partition of the premises, and that the costs, amounting to $75.87, be paid by Mrs. Glos and the Elmhurst State Bank.

Appellants contend that the finding of the chancellor that prior to the filing of the bill appellee tendered to the bank and Lucy M. Glos whatever money was equitably found due them is without warrant; that no valid tender was made to either, and that the chancellor therefore erred in decreeing that the bank and Mrs. Glos pay the costs. In support of this contention appellants cite a considerable number of authorities tending to hold that a valid tender presupposes an act performed by the debtor in the course of which the exact sum due is manually offered to the creditor without the annexation of any terms or conditions, and it is insisted that the record in the present case contains no showing that these several requirements were complied with in anything that was done either before or after filing the bill. How-

ever sound these authorities may be as applied elsewhere, they cannot be held decisive in this proceeding. In *Hunter* v. *Daniel*, 4 Hare, 420, it was said: "The only remaining point insisted upon was that the making of every payment was a condition precedent to the right of the plaintiff to call for the execution of the agreement, or, in fact, to call for the benefit of it, and it was argued that the bill could not properly be filed before the plaintiff had, out of court, fully performed his agreement. The general rule in equity certainly is not of that strict character. A party filing a bill submits to do everything that is required of him; and the practice of the court is not to require the party to make a formal tender where, as in this case, from the facts stated in the bill or from the evidence it appears that the tender would have been a mere form and that the party to whom it was made would have refused to accept the money." The position of this court on the subject of tender was expressed at an early date in *Webster* v. *French*, 11 Ill. 254, where Justice Caton said: "The result of my examination of this subject clearly shows that the court of chancery is not bound down by any fixed rule on this subject by which it will allow the substantial ends of justice to be perverted or defeated by the omission of an unimportant or useless act, which nothing but the merest technicality could require. * * * The court possess a liberal and enlarged discretion on this subject, by the proper exercise of which the rights of all parties may be protected." Among other authorities which accord recognition to these principles are *Thompson* v. *Crains*, 294 Ill. 270, *Glos* v. *Goodrich*, 175 id. 20, *Gillespie* v. *Fulton Oil and Gas Co.* 236 id. 188, *Cheney* v. *Libby*, 134 U. S. 68, *Selleck* v. *Tallman*, 87 N. Y. 106, *Hazard* v. *Loring*, 10 Cush. 267, *Connelly* v. *Haggarty*, 65 N. J. Eq. 596, 56 Atl. 371, and *Niquette* v. *Green*, 81 Kan. 569, 106 Pac. 270.

So far as the matter of tender goes, our concern in this case is therefore not with the form but with the substance

of what was done, considered in its relation to the circumstances disclosed by the evidence. The Revenue act provides that any judgment or decree setting aside any tax deed shall provide that the claimant shall pay to the party holding such tax deed "the following, to be estimated by the county clerk." Then follows an enumeration of various items to be included in the estimate. (Cahill's Stat. 1929, chap. 120, par. 240.) The position of appellants apparently is that the finding of adequate tender can be supported by nothing less than evidence that appellee appeared in the presence of the bank and Mrs. Glos holding in his hand legal tender of the United States in the exact sums computed by the county clerk to be due as of the particular date of such appearance, and that appellee then and there, by appropriate word and motion, made it clear to them that his disposition was to hand over said sums unequivocally and without condition. Admittedly, appellee did not go through any such form of procedure. He did write to the bank and to Mrs. Glos and offered to pay each whatever amount the county clerk estimated to be due under the law. Whether or not such act be held to be in itself an adequate tender under all circumstances, it was at least a clear-cut statement that appellee stood ready to meet the requirements of the law and a natural and business-like manner of opening up the matter. The bank made no reply. Mrs. Glos wrote appellee a letter, stating, among other things, that she could not afford to sell her interest in the tax deeds "for merely money and interest, as you assume," but that she would accept $175 for a quit-claim of her interest in the premises. This sum was greatly in excess of the amount then due her under the law. We would be departing from the salutary principles expressed by the above cited authorities if we held that under such circumstances as are here presented appellants can be heard to say that appellee was bound to carry any farther the matter of tender before suit. In his bill appellee tendered the amounts found by the

county clerk to be due. The record shows that on October 16, 1929, before any evidence was heard, appellee in open court offered the amounts found due by the county clerk as of October 1, 1928, plus seven per cent interest for one year on the whole amount—in other words, $109.02 to the bank and $146.29 to Mrs. Glos. The record also shows that appellee went still farther in this connection and stated in open court his willingness to add $25 or $50 more in order to end the matter. An order was entered giving appellee leave to deposit with the clerk said sums of $109.02 and $146.29, respectively. Before the decree was signed the money was again tendered in open court, and appellee stated that if no appeal were taken he would waive the costs. In decreeing that the bank and Mrs. Glos pay the costs the chancellor did not abuse the discretion with which he was vested in this behalf. *Donham* v. *Joyce,* 257 Ill. 112; *Wright* v. *Glos,* 264 id. 261.

Appellants contend that even if the letters written by appellee be held to have constituted a tender it was not an unqualified one. In substantiation of this contention they urge that certain statements made in the reply of Mrs. Glos are inconsistent with the making of an unconditional offer by appellee, and that inasmuch as the Glos letter was introduced in evidence by appellee he is bound by all its implications. This contention is not well taken. The chancellor's finding of adequate tender to the bank and Mrs. Glos is amply supported by positive evidence which is not directly contradicted in any way, and the implications which are urged do not constitute a basis sufficient to warrant setting it aside.

Appellants also contend that no valid tender could be made to the solicitors for the bank and Mrs. Glos, and, inasmuch as the offers in court were made to counsel rather than to their clients directly, no force can be accorded to them, citing a number of authorities which hold that an attorney has no general power or authority to compromise

a lawsuit. Such authorities have no application here, for the reason that no such question was involved. The argument is without merit. *Glos* v. *Garrett,* 219 Ill. 208.

Appellants contend that the decree erred in ordering set aside as clouds upon appellee's title all outstanding tax titles in the bank to lot 28 under trust No. 29 and all outstanding tax titles in Mrs. Glos to lots 8 and 9. The main argument advanced to support this contention is that the bill describes certain tax deeds, only, and that in granting relief against all tax deeds held by appellants the decree is not supported by any allegation which put appellants upon their defense as to any other tax deeds which they might hold on said lots. The argument is not well founded. The situation is not like that in the authorities cited by appellants where tax deeds which were set aside included lands other than those involved in the particular proceeding, or where definite instruments which were set aside *in toto* were not in the record and might have included lands other than those involved in the particular proceeding. The decree here goes no farther than to set aside "tax titles" held by appellants in the very lots described in the bill, and in so doing it does not go beyond the relief prayed. In the bill it is alleged that appellee and Elizabeth Bender own the lots in fee. Each answer filed denies such ownership and alleges that the party making answer is the owner of the lots. The answers of the bank and Mrs. Glos then proceed, in so many words, to rest their claims to ownership upon the basis of holding the several tax deeds actually described in the bill. At the hearing they brought forward no other claims of interest whatever. In this state of the issues and proof they cannot now be heard to say that the decree, which in finding that appellee and Elizabeth Bender hold a title to the lots good against the world is sustained by ample evidence, is improper and unwarranted.

Appellants contend that the finding that on or about November 19, 1919, appellee took possession of the lots and

from that time to the present has been in open and notorious possession thereof is not supported by the evidence. Examination of the evidence convinces us that the allegations of the bill in this particular are sustained by ample testimony and that no substantial proof was offered to contradict them. Appellants insist, however, that because the record contains no deed from Mayme E. Phillips to the Advance Forging and Tool Works the outstanding title must be held to be in Phillips, making it impossible for appellee to maintain any valid claim and color of title. The bill sets out the description of the deed from Phillips to the Advance Forging and Tool Works and alleges that it was duly recorded. Without any objection appellee testified that Phillips conveyed the lots to the Advance Forging and Tool Works, a corporation, of which appellee was secretary. The deed from the Advance Forging and Tool Works to appellee is in evidence. The argument is without merit.

Appellants contend that a notice given by publication to certain other defendants named in the bill was insufficient because not directed to such other defendants by their right names. In *Donham* v. *Joyce, supra,* where the action took a form identical with the one here, we ruled against a similar contention made by counsel, pointing out that the error, if one had been committed, related only to those defendants who had been defectively served and that they were the only persons who had any just ground for complaint. No sound reason is offered for. reversing this former holding. The principle is too well settled to be open to further question. *Miller* v. *Moseley,* 311 Ill. 157; *McDonnell* v. *Glos,* 266 id. 504; *Lilois* v. *Glos,* 257 id. 85.

The decree of the circuit court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*