JACOB GLOS

*v.*

HARRIS STERN.

*Opinion filed December 22, 1904—Rehearing denied Feb. 8, 1905.*

1. APPEALS AND ERRORS—*when freehold is involved.* A proceeding to cancel a tax sale certificate, and any tax deed issued thereon, involves a freehold, where the period of redemption has expired, the defendants claim title under a tax deed issued on the certificate, and the decree orders the tax sale certificate, and any deed issued thereon, set aside. (*Gage* v. *Busse,* 94 Ill. 590, distinguished.)

2. SAME—*when alleged error in canceling tax sale certificate is harmless.* Alleged error in decreeing cancellation of a tax sale certificate after a tax deed has been issued thereon is harmless, where the deed itself is properly canceled.

3. COSTS—*when defendant to bill to remove cloud is liable for a portion of costs.* Refusal of the defendant to a bill to cancel a tax deed as a cloud to accept a tender of all he was entitled to, thus rendering a reference to the master necessary, authorizes the court to require him to pay all costs occasioned by such refusal.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Harris Stern, on the 9th day of July, 1903, filed a bill in chancery in the circuit court of Cook county against Jacob Glos to set aside as a cloud upon his title to lot 5, in block 2, in Brainard & Evans' addition to the city of Chicago, a tax sale certificate based upon a tax sale made in the year 1900 for a delinquent special assessment upon said lot falling due in the year 1899; also to cancel any tax deed which may have been issued at the time of the filing of the bill upon said tax sale certificate. The bill averred that complainant was the owner of said premises in fee and was in possession thereof, and that said tax sale certificate was void by reason of the failure of Glos to comply with the requirements of the statute authorizing the same to issue, specifying wherein, and prayed that the tax sale certificate, and any tax deed

that may have been issued thereon, might be set aside as a cloud upon his title. The bill made any unknown owners of said tax sale certificate, claiming any interest in the premises through said certificate or any unrecorded deed issued thereon, parties defendant, and prayed the same relief as against said unknown owners as was prayed against Jacob Glos. Jacob Glos appeared and filed an answer, in which he averred title in himself and Emma J. Glos by virtue of said tax sale certificate and a tax deed issued thereon. The appellee then tendered to Jacob Glos, in open court, the amount of the tax sale, interest, penalty and cost, which was refused by him and the amount tendered was deposited in court. The case was thereupon referred to a master in chancery. The evidence in support of the bill was taken and a report was filed by the master, wherein he found the material allegations of the bill to be true, and a decree was entered in accordance with the prayer of the bill, and the costs were apportioned between the appellant and appellee, and Jacob Glos has prosecuted an appeal to this court.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

WILLIAM A. ADAMS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The contention is made by appellee that the case should have gone to the Appellate Court, as it is said no freehold is involved. The period of redemption had expired at the time the bill was filed, and appellant averred in his answer that he and Emma J. Glos claimed title to said premises by virtue of a tax sale thereof and a deed issued thereunder, and the decree ordered said tax sale certificate, and any deed issued thereon, so far as it related to the property in question, canceled and set aside. This case differs from the case of *Gage v. Busse,* 94 Ill. 590, relied upon by appellee, in this: In that case no claim was made that a deed had

been issued upon the tax sale certificate, and the sole effect of the decree rendered in that case was to cancel the tax sale certificate. We are of the opinion a freehold is involved and that the case was properly brought to this court.

The appellant contends that at the time the bill was filed the time of redemption had expired and a deed had been made to the appellant, and that said tax sale certificate had thereby become inoperative, and that a bill in chancery will not lie to set aside and cancel a tax sale certificate after a deed has been issued thereon. The bill was not filed alone to cancel the tax sale certificate, but also to cancel any tax deed which might have been issued, based thereon. The bill was not attacked as being multifarious, and the appellant having admitted in his answer that he and Emma J. Glos claimed title to said premises by a tax deed based upon said tax sale certificate, he is not now in a position to complain that the tax deed by which he claims to hold said premises, and which is based upon a void tax sale certificate, has been set aside, by reason of the fact that the decree also cancels the tax sale certificate. If it was error to cancel the tax sale certificate because a deed had been issued thereon the error was harmless, and the cause should not be reversed for that reason as the tax deed was properly canceled.

It is further contended that the bill does not sufficiently describe the deed sought to be set aside. The deed is described as a deed based upon a certain tax sale certificate, which was specifically described. There could be no mistake as to the deed referred to, as but one deed could be issued upon said tax sale certificate.

It is next contended that the court erred in requiring the appellant to pay a portion of the costs. We think the court did not err in apportioning the costs in this case. When the case was at issue the appellee offered to pay to the appellant all he was entitled to receive, which he refused to accept. A reference to the master by reason of such refusal, and the subsequent steps in the case, were made necessary, and there

was no injustice to the appellant in requiring him to pay all costs occasioned by his wrongful conduct. *Gage* v. *DuPuy,* 137 Ill. 652.

The contention of the appellant that the certificates attached to the certified copies of the judgment record and other records offered in evidence were insufficient is without force. The form of the certificates was, "that the foregoing is a true copy, * * * in so far as said record relates to the premises described in the foregoing copy." If the last clauses of the certificates, which are those to which objection is made, were omitted the certificates would be untrue, unless the clerk incorporated into the copies of said records a description of all the property similarly situated to the property in question, located in Cook county. This the law did not require.

We find no reversible error in this record. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*