(No. 31151.—

Isaac Thomas, Appellee, *vs.* Henry Durchslag, Appellant.

*Opinion filed January 18, 1950.*

BRADEN, HALL, BARNES & Moss, of Chicago, (ZEDRICK T. BRADEN, of counsel,) for appellant.

WEIGHTSTILL WOODS, of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The superior court of Cook County decreed the title to an Evanston lot to be in plaintiff Thomas in an action to remove a cloud upon his title thereto. Durchslag, the defendant, took an appeal to the Appellate Court, First District; that court, on his motion, transferred the appeal to this court on the ground a freehold is involved.

From the pleadings we find Thomas claims to have been the owner of the record title and in possession ever since 1925. Durchslag bases his claim of ownership as the holder through mesne conveyances, on a tax deed of 1928 and on adverse possession under a claim of right for over twenty years before he was ejected. He filed a counterclaim for damages, alleging he was unlawfully ejected from

the lot by Thomas. Barbour is a defendant because he is the justice of the peace before whom Durchslag instituted suit against the lot tenant for rent claimed. A restraining order to halt the suit was asked. A separate count at law in the amended complaint was transferred to the law side of the court and has no bearing in a determinative sense upon the issues presented to the chancery side of the court.

The evidence was heard by the chancellor. On the basis that the amended answer of Durchslag admitted the title stated in the amended complaint and was countered by the affirmative defense of a claim of right under the tax deed, Thomas contended Durchslag should be the first one to present evidence. This was not objected to by Durchslag, and he proceeded to introduce his evidence; Thomas elected to introduce no evidence. The chancellor held there were admissions in Durchslag's pleadings that Thomas had made a *prima facie* case without the necessity of introducing evidence. Durchslag's evidence was held not to substantiate his claim. The decree found all issues had been proved and established for Thomas and against all parties defendant. The cloud declared to exist on his title was removed, and he was declared to have been vested with the exclusive fee title to the lot ever since August, 1925. The decree was a final disposition of the conflicting claims of Thomas and Durchslag to the lot.

Durchslag is accused, in this court, of presenting no litigable issue on appeal. This is based upon the proposition the record as analyzed by Thomas proves it. Our analysis of the record does not agree with that of Thomas. Durchslag is charged to have waived all the issues over which this court would have jurisdiction on direct appeal (*i.e.,* a freehold) by taking his appeal in the first instance to the Appellate Court. That is not so, there being a material difference between the action of the Appellate Court transferring an appealed case to this court for a jurisdictional reason, and where it has determined an appeal on assigned

errors it has jurisdiction to consider, and further appellate review is sought in this court, on the ground one, or some, of the assigned errors not considered by the Appellate Court could only have been disposed of by this court in the first instance. This difference is recognized in section 86 of the Civil Practice Act, wherein the transfer of appeals is provided for when the appellant has selected the wrong appellate forum. The fact Durchslag paid the costs assessed against him in the trial court, cannot constitute a waiver of all possible errors. The payment of costs is the discharge of a debt due, and cannot be looked upon as the acceptance of a decreed benefit which operates to waive the right to attack the unfavorable parts of the decree. Thus a litigable issue is presented by this appeal.

Thomas informs us that if a litigable issue is present on appeal, it is one this court cannot consider had there been a direct appeal, for the record is bare of any contention to support a freehold claim. The cases cited by him do not, on inspection, support the point. Had the chancellor decreed in favor of Durchslag, the freehold would have been lost to Thomas. The defendant's third assigned error, charging that his evidence made out a *prima facie* case and the court should have decreed in his favor, clearly presented the question of the correctness of the findings of fact in the decree and the judgment based thereon. In general, suits to remove a cloud on title by cancellation of a deed involve the freehold the statute demands for a direct appeal to this court. (*Kesner* v. *Miesch,* 204 Ill. 320; *Seibert* v. *Seibert,* 379 Ill. 470.) A complaint to remove a tax deed as a cloud on title to land involves a freehold. (*Glos* v. *Stern,* 213 Ill. 325; *Glos* v. *Shedd,* 218 Ill. 209.) Whether, in a given instance, a freehold is involved for the purpose of direct appeal may depend upon the pleadings and the assignments of error. (*Kesner* v. *Miesch,* 204 Ill. 320; *Gits* v. *Ullrich,* 288 Ill. 527.) The freehold in the lot is involved on the basis of

the pleadings and error assigned, and this court has juris-
diction of the appeal. Having so determined the presence of
an involved freehold, the last reason advanced by Thomas
for dismissing the appeal, namely: that Durchslag was
derelict in only indexing and not abstracting his notice of
appeal in the abstract, and, it not being otherwise shown,
it must be taken he has not asked this court to take any
action whatever, is a contention likewise without merit.
The decree is set out in full in the abstract, and the assign-
ments of error evidence that Durchslag asks this court to
reverse the decree.

Durchslag cannot urge the alleged error of the chan-
cellor in requiring him to present his evidence first. The
point was not saved by appropriate objection made at the
time, and the matter is waived.

Durchslag contended the amended complaint shows
upon its face that it does not state a cause of action, for
it does not contain an offer by Thomas to reimburse him
for what he had in the property as is required by certain
provisions of section 270 of the Revenue Act of 1939.
(Ill. Rev. Stat. 1947, chap. 120, par. 751.) Section 270
of the act treats of tax deeds as evidence, and of the pay-
ments to be made by the owner of the real estate upon the
restoration or confirmation of an unclouded title to him.
The tax deed, when executed, shall be *prima facie* evidence,
in all controversies and suits in relation to the right of the
purchaser at the tax sale, his heirs and assigns, to the real
estate conveyed by the deed, that certain enumerated acts
were all done according to the controlling statutes. A pro-
vision, acting as a proviso to what is set forth in the sec-
tion reads, "Provided, that any judgment or decree of
court, in law or equity, setting aside any tax deed procured
under this Act, or restoring the owner of same to possession,
shall provide that the claimant shall pay to the party hold-
ing such tax deed the following, to be estimated by the
county clerk: * * * [This included only the taxes,

costs, interest, subsequent taxes, special assessments paid and certain statutory fees and costs.] No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain Act involving the title to or interest in any land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this Act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed."

The language of the section is clear, needs no construction, and it confines the payment to a coverage of only those items enumerated in the section and no others. Durchslag cannot ask for reimbursement under that section for all that he has expended on the lot. This court, in many prior cases involving this section, and predecessor sections of similar substance, has never held that the failure to order in the decree the payments required warranted a dismissal of the cause. We have, in those cases, always reversed and remanded with instructions to revamp the decree to accord with our holding. We cannot see where in the section the requirement is laid down that the complaint must include the offer to do equity by a reimbursement for the enumerated outlays. The proviso does not limit the right of a person to resort to the courts, for only after the existence of the claim has been established must reimbursement be made. (*City of Chicago* v. *Collin,* 302 Ill. 270.) In *Graham* v. *O'Connor,* 350 Ill. 36, O'Connor had owned a tax deed on a small portion of a farm. In time, and through a fraud on the court, she procured a decree confirming title in her to the acreage covered by the tax deed. Years after, the Grahams brought suit to quiet title to the whole farm, and proved the procurement of the O'Connor decree by a fraud practiced on them and the

court. The trial court voided the O'Connor decree and found for the Grahams. O'Connor appealed directly to this court claiming, for one thing, the decree ousting her was bad because it did not order the Grahams to reimburse her for all she had paid out in procuring the tax deed and the other items set forth in what is now section 270. We agreed with O'Connor on that contention and reversed and remanded the decree with directions to ascertain and require payment of the amount found due O'Connor under the provisions of the section. The Grahams had not offered in their complaint to reimburse O'Connor and made no effort to do so in court. For that particular correction the decree in this case will have to be reversed and the cause remanded in any event.

A tax deed is *prima facie* evidence of the facts enumerated in section 270 of the Revenue Act of 1939. The deed is not *prima facie* evidence of facts not listed therein, among which will be the fact of compliance with sections 263 and 265 of that act. (Ill. Rev. Stat. 1947, chap. 120, pars. 744 and 746.) Durchslag made no proof whatever that the mandates of the two sections had been carried out as indispensable conditions precedent to the issuance of the tax deed. (*Glos* v. *Mulcahy,* 210 Ill. 639; *McConnell* v. *Jones,* 332 Ill. 620; *Murch* v. *Epley,* 385 Ill. 138.) The tax deed could not be any evidence of title, for the deed is void. The claim of adverse possession of the lot for over twenty years is not sustained by the evidence produced by Durchslag. It was necessary for him to establish a possession of that character by clear, positive and unequivocal proof that his possession was adverse, actual, visible, notorious, exclusive, continuous and under a claim of right. (*McIntyre* v. *McIntyre,* 287 Ill. 544; *Theiner* v. *Speckin,* 290 Ill. 181.) Adverse possession cannot be made out by inference or implication, and the presumptions are all in favor of the true owner. *Town of Kaneville* v. *Meredith,* 351 Ill. 620.

Thomas, prior to the filing of his complaint and at no time thereafter, ever paid or offered to pay Durchslag the amount due him by reason of his paying taxes, interest and costs. Costs are chargeable against the holder of a void tax deed in a successful suit to remove that deed as a cloud on title of plaintiff, but where the latter makes no tender of reimbursement for the taxes, interest and costs paid before the filing of the complaint, it is error on setting aside the deed to require the holder of the tax deed to pay the costs. *Kuhn* v. *Glos,* 257 Ill. 289; *St. George* v. *Bender,* 342 Ill. 296.

Clearly, the findings of fact made by the chancellor are true and not against the manifest weight of the evidence. In all respects the decree is confirmed, except for the erroneous failure of the chancellor to decree reimbursement of Durchslag, by Thomas, for all the taxes, interest and costs properly paid out by the former, and except for the erroneous assessment of the costs against Durchslag. As to these matters, the decree of the superior court of Cook County is reversed and remanded with the direction to enter a decree which conforms with this opinion.

*Affirmed in part and reversed in part*
*and remanded, with directions.*