William E. Goebel, Plaintiff-Appellee, v. Robert W. Mize, Defendant-Appellant.

Gen. No. 10,107.

Third District.

May 20, 1957.

Rehearing denied June 20, 1957.

Released for publication June 20, 1957.

Rinaker, Smith and Hebron, of Carlinville, for appellant.

D. A. McGrady, of Gillespie, for appellee.

JUDGE CARROLL delivered the opinion of the court.

This action was filed April 3, 1954 to recover damages allegedly occasioned by the negligence of the defendant in operating his truck.

The complaint alleges in substance that Robert G. Baker, an employee of plaintiff, was killed on July 23, 1952 in a collision between a truck which he was operating and another truck owned and operated by defendant; that at the time of the occurrence the deceased was engaged within the scope of his employment; that the accident was caused by the negligence of the defendant; that as the result of the defendant's negligence, plaintiff's truck was damaged beyond repair and that plaintiff sustained further damages in

that he was required to pay compensation as the employer of the deceased in the sum of $7,565.

In his answer, defendant raised two affirmative defenses (1) that since plaintiff's suit was not instituted within one year of the death of Robert G. Baker, it was barred by the Statute of Limitations and (2) that since defendant was a farmer and not insured under the Workmen's Compensation Act he is specifically exempted from the provisions of said Act.

Upon motion of plaintiff these special pleas were stricken. It was stipulated on the trial that the damage to the plaintiff's truck was the sum of $2,275 and that the amount he was required to pay and did pay under the Workmen's Compensation Act for the death of Baker was $7,565. The jury returned a verdict for $9,840 which was the total of the two damage items. Motion for judgment notwithstanding the verdict and for a new trial were overruled. Judgment was entered on the verdict and this appeal followed.

Defendant makes no complaint as to that portion of the verdict covering the stipulated damage to the truck but submits that this court should order a remittitur of $7,565, the amount of compensation paid by plaintiff.

The death of Robert G. Baker occurred on July 23, 1952 which was some 20 months prior to the filing of this action. At that time limitation on the filing of a suit to recover under the Wrongful Death Statute was one year from the date of the death of the decedent. Par. 2, Chap. 70, Ill. Rev. Stats. 1953.

It follows therefore that on the date of the filing of this suit, the right to bring an action for decedent's wrongful death was barred by the statute. However, plaintiff does not contend otherwise but insists that the instant proceeding is not a wrongful death action. It further appears from plaintiff's argument that he does not seek to recover from defendant on any theory

71

of subrogation arising by virtue of the provisions of the Workmen's Compensation Act.

If we correctly interpret the theory upon which the complaint is based, it is that an employer, independent of the provisions of the Workmen's Compensation Act, has a common law right of action against a third party for the recovery of all damages the employer has sustained as the result of the negligence of such third party including compensation paid and that such action would be barred only by the five year Statute of Limitations.

Plaintiff has cited no Illinois case in which the proposition for which he contends was considered by the court. However, it is argued that Geneva Construction Co. v. Martin Transfer and Storage Co., 4 Ill.2d 273 by reason of the points discussed therein, presents an analogy sufficiently appropriate to constitute authority for sustaining his theory of recovery herein.

Before considering whether the opinion of the Supreme Court in the above case lends support to plaintiff's argument, we deem it essential that the pertinent provisions of the Workmen's Compensation Act and the construction placed thereon by our courts be to some extent reviewed.

At the time of the accident in which plaintiff's employee met his death, the Workmen's Compensation Act of 1951 was in force. Sub-Sec. B of Sec. 5 thereof (Par. 138.5 Chap. 48, Ill. Rev. Stats. 1951) provided in part as follows:

". . . Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under Section 3 of

this Act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee.

"Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. · In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative.

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his

employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the, employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order.

"In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee . . ."

In 1952, the Supreme Court in Grasse v. Dealer's Transport Co., 412 Ill. 179, held the 1st Par. of Section 29 of the Workmen's Compensation Act (Ill. Rev. Stats. 1947, Chap. 48, Par. 166) unconstitutional on the ground that it created an unreasonable classification between employees injured by tort-feasors bound by the Act and employees injured by tort-feasors not under the Act. The court pointed out that thereunder employees injured by tort-feasors outside the Act could recover common law damages whereas employees injured by tort-feasors under the Act were restricted to compensation benefits from their employers.

This Paragraph was identical with Sub-Section B of Section 5 of the 1951 Act.

74

As to the effect of its decision in the Grasse case, the court had this to say:

"The effect of our determination is to render the provision void, and to relegate the parties to such rights as they may have had prior to the enactment of the unconstitutional provision. (People v. Schraeberg, 347 Ill. 392). Under those circumstances, the rights of the parties would be governed by common-law subrogation principles, and the non-negligent employer who had paid compensation would be entitled to be subrogated to the rights of the employee against the third party tort-feasors. The employee, in turn, would not be entitled, as defendant suggests, to retain both compensation from his employer and damages against the third party, but would, under common-law principles, be required to reimburse his employer for the amount paid him from the sum recovered from the third party. Where, however, the third party tort-feasor is not bound by the act, the employer's subrogation rights would still be governed by the second paragraph of section 29, which has not been modified by our decision.

"The essential difference between the status of employers who would now be relegated to common-law subrogation rights against tort-feasors under the act, and employers who assert rights under the second paragraph of section 29 against tort-feasors who are not bound by the act, is the time when such rights may be asserted."

This statement would seem to eliminate any doubt as to the fact that in this case plaintiff has no subrogation rights against the defendant other than those provided by the Act. The employers relegated to their common law subrogation rights were those seeking recovery from third parties who were bound by the Act. In the instant case, it is not disputed that defend-

75

ant was a farmer and exempt from the provisions of the Act.

As the result of amendments to the Act adopted in 1953, it now provides statutory subrogation rights for employers without regard to whether the third party liable is or is not bound by the Act.

The Geneva Construction Co. case upon which plaintiff places reliance was decided in 1954 and the accident upon which the cause of action therein involved was predicated occurred on May 24, 1948 which was prior to the decision in the Grasse case holding the first paragraph of Section 29 of the 1947 Workmen's Compensation Act unconstitutional. On May 18, 1950, which was within two years after the accident, the employer brought an action under Section 29 of the Act against the Martin Transportation Company, a third party operating under the Act to recover the amount of compensation paid to its employee, Powers. On March 20, 1952, the Supreme Court handed down its decision in the Grasse case. On May 29, 1952, more than four years after the date of the accident, the trial court permitted Powers to intervene as an additional party and gave him and his employer leave to file an amended complaint. There was a trial resulting in a verdict for plaintiffs. On appeal to the Supreme Court, the two questions of law presented were (1) whether after the first paragraph of Section 29 of the Workmen's Compensation Act was declared unconstitutional and before the 1953 amendments were adopted an employer could recover from a third party tort-feasor operating under the Act the amount of compensation paid to an injured employee and (2) whether an employee injured by a third party tort-feasor under the Workmen's Compensation Act can maintain a common law action for damages more than four years after the injuries were sustained by joining in the employer's

76

action against the third party which had been brought in the proper time.

Since in the instant action the employee is not attempting to assert a common law claim for damages, we are not concerned with the second question. It may be observed, however, that the action of the trial court in permitting the employee to intervene was upheld in the Geneva case because his claim grew out of the same occurrence set up in the original complaint.

As to the second question the court held that under the facts in the case it must be resolved in favor of the employer. In so doing, the Supreme Court was considering a situation where there was an absence of the factors upon which the instant appeal is based. In the instant case, the third party tort-feasor was not operating under the Act and the employer's action was not filed within one year after the death of his employee. The complaint herein was not verified and does not meet the requirements of Section 22 of the Civil Practice Act (Par. 146, Chap. 110, Ill. Rev. Stats. 1951) which is applicable to common law subrogation actions. In the Geneva case, it was held that since the right to recover therein was asserted under the doctrine of subrogation by operation of law, compliance with Section 22 of the Civil Practice Act was required.

When the above factors are taken into account, there appears to be no basis for plaintiff's argument that the opinion in the Geneva case lends sanction to the proposition that plaintiff may maintain this action independent of the provisions of the Workmen's Compensation Act. We think the court in that case has made it clear that the action for its ruling was the fact that by reason of the decision in the Grasse case, the plaintiff's employer was left without a statutory subrogation remedy. Confirming such impression is this language of the court:

77

"In Illinois, as hereinbefore noted, the precise issue of whether an employer had common-law subrogation rights against a third-party tort-feasor for the amount of compensation paid could not have arisen prior to the *Grasse* case, since such rights were defined in section 29 of the Workmen's Compensation Act."

In the recent case of Dillon v. Nathan, 10 Ill.App.2d 289, we find an expression by the court which appears applicable to plaintiff's theory that despite the fact that a mode of statutory subrogation was available to him under the Act subsequent to the decision in the Grasse case, he nevertheless may proceed in a common law action independent of such statutory right. In discussing the availability of a remedy to employers in third party liability cases by way of subrogation, other than that provided by the Act, the court said:

"If the appellants here are relying upon some claimed common-law right of subrogation, of lien, and of intervention, separate from and independent of their claims under the statute, Ch. 48, Ill. Rev. Stats., 1953, par. 138.5, which matter is not made clear in their briefs, such is a claim or theory evidently not presented to and urged in the trial court, and they may not try their case on one theory in that court and, to that extent, upon a distinct and wholly different theory in the Appellate Court. (Citing cases). Beyond that, the dictum in Grasse v. Dealer's Transport Co., supra, and the holding in Geneva Const. Co. v. Martin Transfer & Storage Co., supra, do not, we believe, support such common-law claim or theory here in any event; the present causes of action here involved are not common-law or statutory negligence causes of action and they are not causes of action of the employee or his personal representative, as were involved and to which the employer was said to be subrogated in those cases; the present compensation act, Ch. 48, Ill. Rev. Stats., 1953, par. 138.5, being presumed to be constitutional,

not having been determined to be otherwise, and no constitutional question being here presented, now provides what may be referred to as a mode of statutory subrogation, in effect, for employers in cases where the injury or death is not proximately caused by the negligence of the employer or his employees and is caused under circumstances creating a legal liability for damages on the part of a third party,—a mode of statutory subrogation which did not exist in Grasse v. Dealer's Transport Co., and Geneva Const. Co. v. Martin Transfer & Storage Co., and that statute presumptively is complete and controls, the legislature having thereby spoken on the subject of third party liability and the rights of an employer to so-called subrogation, to repayment of any compensation out of any amount received from a third party, to a lien upon anything received from such third party, to joining in suits against such third party, to consenting to releases or settlements of claims against such third party, and to bringing suits against such third party when the suit had not been brought otherwise by someone else. If the legislature had intended to provide for indemnification of or recoupment by a nonnegligent employer in some other instances or modes than it has provided for it could readily have said so. Generally the express mention of one or more things or modes of action in a statute impliedly excludes other things or modes of action: Blakeslee's Storage Warehouses, Inc. v. City of Chicago (1938) 369 Ill. 480; Great Northern Refining Co. v. D. K. Jeffris Lumber Co. (1923) 308 Ill. 342. Whatever so-called subrogation rights, lien rights, or intervention rights an employer claims in the premises must now be founded on that statute, and if it does not cover the case at hand, as it does not here, there are no such rights."

■ On the date of the accident, the subrogation rights of plaintiff as employer against the defendant

as a third party tort-feasor were defined by the second paragraph of Sub-section B of Section 5 of the Workmen's Compensation Act of 1951. The time within which plaintiff was permitted to exercise such rights by filing an action in his own name is specified in the Act. Plaintiff did not file this action until long after the expiration of such limitation. Under the facts disclosed by the record, we are of the opinion that the complaint herein insofar as recovery is sought thereunder for compensation paid on account of the death of plaintiff's employee fails to state a cause of action. The affirmative defenses previously referred to herein were directed to the claim for compensation paid by plaintiff and the trial court erred in striking the same. .

 The question as to whether a complaint absolutely fails to state or indicate any ground of liability which the law will recognize can be raised at any time and is always open to consideration in a reviewing court. Lasko v. Meier, 394 Ill. 71; Wagner v. Kepler, 411 Ill. 368.

For the reasons indicated herein, that portion of the judgment representing the stipulated amount of the compensation payments made by the plaintiff cannot stand. Since the amount of such payments is not in dispute it would seem that the trial court's error in striking the affirmative defenses can be cured by a remittitur in the amount of the compensation payment. If plaintiff, within 20 days of the filing of this opinion, will file a remittitur in this court in the amount of $7,565, judgment will be entered here in the sum of $2,275. If such remittitur is not filed within the time specified, the court will reverse and remand the case with directions to the trial court to enter judgment in the sum of $2,275.

Affirmed upon remittitur; otherwise reversed and remanded.