GERALD R. WEEKS, et al., Plaintiffs-Appellees, v. ELMER J. HOFFMAN, et al., Defendants-Appellants.

(No. 70-270;

Second District—September 7, 1971.

338

Edward J. Vertovec, of Elmhurst, for appellants.

John Demling, of Glen Ellyn, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The county adopted an appropriation ordinance under which it proposed to use general funds for the purpose of constructing a sewage treatment plant, a trunk sewer line and certain drainage facilities, all serving a localized area in DuPage County. Plaintiffs, as taxpayers, sued to enjoin the approval and expenditure of the funds. The court ordered the writ to issue.

The defendants, as treasurer and auditor of DuPage County respectively, argue on appeal that general authority is given to the county to "manage the county funds and county business, except as otherwise specifically provided * * *" (Ill. Rev. Stat. 1969, ch. 34, par. 403); that DuPage County has adopted the provisions of the statute commonly referred to as the Public Works Act (Ill. Rev. Stat. 1969, ch. 34, par. 3101 *et seq.*) so that the proposed work is within proper corporate purposes; and is not barred by any specific restriction in the Public Works Act against financing the proposed construction from general funds of the county.

This syllogism has been presented very persuasively, but we are of the opinion that the contrary view of the legislative intention found by the trial court is a more reasonable one.

The powers sought to be exercised may not be reasonably implied from the provisions (ch. 34, par. 403, *supra*) giving counties the general power to manage county funds and county business. This section does not confer an absolute power of management of county funds when there is an absence of any specific provision to the contrary—it merely expresses the conferring of power to manage county funds and transact

county business according to law. *Locke v. Davison* (1884), 111 Ill. 19, 25; *Cook County v. McCrea* (1879), 93 Ill. 236, 238, 239; *Strodtman v. County of Menard* (1894), 56 Ill.App. 120, 126.

It has not been contended that counties always had the power to establish departments of public works with authority to exercise supervision over sewer and water projects, such as are here involved, as a part of general corporate functions.[1] This authority was first expressly conferred by the enactment of the Public Works Act in 1959. Ch. 34, par. 3101 *et seq., supra.*

The authority given is that expressed in the authorizing statute. (Ch. 34, par. 3101 *et seq., supra.*) Paragraph 3104 states the nature of the tax levy which the county may employ "to effectuate the purposes of this Act", by specifying a .02% tax; paragraph 3117 provides for financing by issuing revenue bonds; and paragraph 3123 provides for financing by issuing general obligation bonds—but only after a referendum in each instance.

Each party has pointed out language in various provisions of the Public Works Act which by implication might be said to support his respective views as to legislative intention. For example, there is language in Par. 3102, as amended in 1965, which provides that "any county may advance general funds for necessary studies or engineering for a project to be financed by revenue bonds and be reimbursed by the proceeds of such bonds"; and in 1969 this section was further amended to provide for an additional method of establishing a department of public works (and including the above quoted language only in connection with the second plan. (See Ill. Rev. Stat. 1969, ch. 34, par. 3102B.) Plaintiffs note that prior to this amendment there was no reference in the entire Act to use of general funds; and that the limited authority given suggests that no prior authority existed; while defendants explain the amendment as required for reimbursement from proceeds of revenue bonds, otherwise entirely allocated to specified public works (and further suggest the amendment does not *prohibit* use of general funds). Also, the 1969 amendment to paragraph 501 (Ill. Rev. Stat. 1969, ch. 34, par.

---

[1] Plaintiff has argued that ch. 34, par. 406, complements par. 403, *supra,* and gives a county broad authority to levy taxes for the general fund for all purposes for which money may be raised by the county; and has suggested that there is no statutory or constitutional reason why general tax funds cannot be spent on local projects, "especially where the public health of the county reasonably can be affected". Defendant has pointed out, and we agree, that there is no issue before the court relating to the public health of the county; but that the issue is whether the essentially local improvement may be constructed under general corporate powers and using general corporate funds, or whether this authority must rather be found within the terms of the Public Works Act.

501) provides for the levy of additional or "excess" taxes for purposes authorized under the Public Works Act after a special election. Defendants argue that if the legislature intended that the only monies which could be used for public works projects were from taxes levied pursuant to paragraph 3104, *supra*, this section would be meaningless, since paragraph 3104 already provides for a special election for the .02% rate to be charged. Plaintiffs point out contrary implications in paragraph 3117 from language which states in substance that no bonds "or other obligations" shall constitute an indebtedness of the county.

■ While we cannot determine that the statute has expressly forbidden the county from using general funds for the proposed work, we do conclude that there is no express authority in the Act for the construction of the proposed sewage system from general funds of the county, and that such authority may not be reasonably implied from the language use.

■■ Where a statute sets forth the provisions necessary to effect a particular purpose, these provisions must be followed. See *Locke v. Davison*, 111 Ill. 19, *supra*, at page 24; *Cook County v. McCrea*, 93 Ill. 236, *supra*, at page 238. It is also a cardinal rule of statutory construction that the expression of a mode of action in a statute excludes other methods though not expressly prohibited; and that the enumeration of certain things in the statute implies the exclusion of all other things. *In re Estate of Tilliski* (1945), 390 Ill. 273, 283; *Blakeslee's Warehouses v. City of Chicago* (1938), 369 Ill. 480, 483.

■ We, therefore, affirm the judgment below which enjoined the defendants from approving and expending general funds of DuPage County for the construction of sewage treatment plants and sewer lines as proposed.

Judgment affirmed.

MORAN, P. J., and SEARS, J., concur.