RUTH CRAWFORD, Plaintiff and Counterdefendant-Appellee, v. ADOLPH H. LOVE *et al.*, Defendants and Counterplaintiffs-Appellants.

First District (3rd Division)    No. 1—92—0569

Opinion filed February 17, 1993.—Rehearing denied May 24, 1993.

Bernstein & Cleveland, of Evanston (Joseph V. Bomba, of counsel), for appellants.

Manuel Solotke and Edwin H. Shanberg, both of Greenstein & Solotke, of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Defendants appeal from a judgment which recognizes title to a certain parcel of real estate in the plaintiff, requires defendants to remove a fence surrounding the parcel and denies defendants' claim of title through adverse possession by reason of the issuance of a tax deed during the time when defendants' possession of the premises was adverse.

Defendants argue on appeal that the issuance of a tax deed to those in privity with plaintiff does not toll the holding period necessary to obtain title by adverse possession.

We disagree. The issuance of a tax deed under the Illinois Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 747b) tolls the period of limitations as to adverse possession.

Sometime around 1960, defendants Adolph H. Love and Beulah Love, although not having title to the premises, took possession of the real estate which is the subject matter of this case and caused a fence to be constructed around the parcel. Defendants' possession has continued up to and including the filing of the plaintiff's complaint in 1987.

On March 19, 1969, nine years into the 20-year holding period, the clerk of Cook County issued a tax deed conveying the premises to a tax sale buyer. Thereafter, through subsequent conveyances, title to the premises was ultimately conveyed to Ruth Crawford (plaintiff) on November 16, 1985.

Plaintiff's residence lies just north of the premises and defendants' residence immediately south of the premises.

Defendants argue that plaintiff is precluded from asserting any rights over the premises by reason of the provisions of section 13—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—101), which prohibit any person from commencing an action for

the recovery of land unless within 20 years after the right to bring such an action has accrued.[1]

Defendants base their counterclaim on the passage of 20 years' possession, thus providing them ownership to the premises by adverse possession.

Plaintiff relies on the validity of her title derived through tax delinquency proceedings and the issuance of a tax deed and asserts that section 266b of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 747b) expressly sets out those interests in land or encumbrances which survive the issuance of a tax deed and that a partial running of the statute of limitations is not among them.

Moreover, section 266b provides that the section of the Revenue Act which authorizes the issuance of a deed shall be liberally construed so that tax deeds convey good and merchantable title. Ill. Rev. Stat. 1969, ch. 120, par. 747b.

The enactment of section 266 of the Revenue Act in 1951 and the substantial amendment of other sections represents the final action in a long battle between the court and the legislature as to the merchantability of land titles derived from annual tax sale proceedings.

Prior to the 1951 amendment, almost any defect or deficiency in the proceedings that led to the issuance of a tax deed, no matter how minute, made the deed suspect and generally held void. *Gaither v. Lager* (1954), 2 Ill. 2d 293, 118 N.E.2d 4; *Thomas v. Durchslag* (1950), 404 Ill. 581, 90 N.E.2d 200; *Warshefsky v. Glos* (1911), 251 Ill. 377, 96 N.E. 248; *Jackson v. Glos* (1909), 243 Ill. 280, 90 N.E.2d 717; *Kepley v. Scully* (1900), 185 Ill. 52, 57 N.E. 187; *Gage v. Bani* (1891), 141 U.S. 344, 35 L. Ed. 776, 12 S. Ct. 22.

The 1951 amendments were adopted to meet an alarming increase in the rate of tax delinquencies. In order to respond to this problem, the legislature sought to render tax titles incontestable except by direct appeal and to provide a tax buyer with assurance that his title and rights to the property are unimpaired. *Southmoor Bank & Trust Co. v. Willis* (1958), 15 Ill. 2d 388, 155 N.E.2d 308; *Cherin v. R. & C. Co.* (1957), 11 Ill. 2d 447, 143 N.E.2d 235.

---

[1]Section 13—101 (Ill. Rev. Stat. 1991, ch. 110, par. 13—101) provides:

"Twenty years—Recovery of Land. No person shall commence an action for the recovery of lands, nor make an entry thereon, unless within 20 years after the right to bring such action or make such entry first accrued, or within 20 years after he, she or those from, by, or under whom he or she claims, have acquired title or possession of the premises, except as provided in Sections 13—102 through 13—122 of this Act."

■ Section 266b was added by the General Assembly in 1965. That section provides that the tax deed shall not extinguish or affect easements, covenants running with the land, right-of-way for water, sewer, electricity, tax, telephone, or other public service uses. This statute sets forth the exclusive encumbrances or rights which are not extinguished by a tax deed. Generally, an enumeration of one or more certain or specific items in a statute excludes other things or items which are not mentioned in the statute. *Shamel v. Shamel* (1954), 3 Ill. 2d 425, 432, 121 N.E.2d 819; *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* (1938), 369 Ill. 480, 17 N.E.2d 1; *Weeks v. Hoffman* (1971), 1 Ill. App. 3d 337, 273 N.E.2d 157; *Goebel v. Mize* (1957), 14 Ill. App. 2d 69, 143 N.E.2d 73; *Dillon v. Nathan* (1956), 10 Ill. App. 2d 289, 135 N.E.2d 136.

■ Moreover, a tax deed issued pursuant to a judicial process grants to the purchaser a new and independent title, free and clear from all previous titles and claims of every kind and character. (*In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Non-Payment of General Taxes & Special Assessments for the Year 1983 & Prior Years* (1990), 206 Ill. App. 3d 22, 28, 563 N.E.2d 1039; *People v. Cottine* (1959), 20 Ill. App. 2d 562, 572, 156 N.E.2d 774; *City of Bloomington v. John Allan Co.* (1974), 18 Ill. App. 3d 569, 310 N.E.2d 437.) Even a city's lien for demolition and repair costs is inferior to the right of a tax sale purchaser. *John Allan Co.*, 18 Ill. App. 3d at 577.

Defendants rely heavily upon *Illinois Ry. Museum, Inc. v. Siegel* (1971), 132 Ill. App. 2d 77, 266 N.E.2d 724, which upheld the rights of an adverse possessor over a purchaser at a tax sale. *Illinois Railway* makes clear that had a tax deed actually been issued, the court would have held otherwise. A certificate of sale does not pass title to the purchaser until the issuance of a tax deed so that while the tax sale will not stop or impede the running of the time which inures to the benefit of the adverse possessor, the issuance of a tax deed will have precisely that affect.

■ We need not only look to the 1951 amendments to the Revenue Act to vest the grantee of a tax deed with rights superior to that of an adverse possessor. As early as 1890, Illinois tax deeds have defeated the continuity "of the running of [an adverse possessor's] title, because no 20 years had elapsed from the time he entered until the title accrued under the tax-title." (*Daveis v. Collins* (N.D. Ill. 1890), 43 F. 31, 34.) *Daveis* recognized the paramount rights of a grantee of a tax deed over an adverse possessor where the holding period was interrupted by the issuance of the tax deed. If anything, the 1951

amendments to the Revenue Act have provided a modern rationale for the *Daveis* court.

We recognize the strong public policy statement which the several amendments to the Revenue Act represent, in encouraging the recognition, validity and commercial acceptability of tax deeds; therefore, we affirm the decision of the circuit court of Cook County.

Affirmed.

TULLY, P.J., and CERDA, J., concur.