FIRST DIVISION
 September 8, 1997
 

No. 1-95-2224

 
GENERAL IRON INDUSTRIES, INC., ) Appeal from the 
 ) Circuit Court of
 ) Cook County.
 Plaintiff-Appellant, )
 v. ) 
 )
A. FINKL AND SONS COMPANY, ) The Honorable
 ) Edwin M. Berman,
 ) Judge Presiding.
 Defendant-Appellee. )

 JUSTICE GALLAGHER delivered the opinion of the court:

 This case presents the question of whether the element of
continuity is established in an adverse possession case when the
true title owner files a petition for bankruptcy before the 20-
year statute of limitations has expired.
 The undisputed facts follow. On December 19, 1977, the
Chicago, Milwaukee, St. Paul and Pacific Railroad Company
(Railroad) filed a petition for reorganization in the United
States District Court for the Northern District of Illinois
pursuant to section 77 of the Bankruptcy Act of 1898, formerly 11
U.S.C. 1 et seq. (1976) (repealed by the Bankruptcy Reform Act
of 1978, 11 U.S.C. app. 101 through 1330 (1978 Supp.)). On
November 25, 1985, the bankruptcy court entered an order
containing the final decree in the bankruptcy proceeding. In
August 1988, the reorganized company conveyed, by quitclaim deed
to defendant, the subject property involved in this case. In
September 1990, defendant informed plaintiff of its ownership
interest in the subject property. On August 15, 1991, plaintiff
filed a complaint for a declaratory judgment by adverse
possession. On October 4, 1991, defendant filed a complaint for
ejectment. The cases were consolidated. Plaintiff subsequently
filed a first amended verified complaint and a second amended
verified complaint to quiet title and for a declaratory judgment
by adverse possession. Upon cross-motions for summary judgment,
the trial court denied summary judgment for plaintiff and granted
summary judgment for defendant on May 30, 1995. Plaintiff
appeals from that order. Our review is de novo. In re Estate of
Hoover, 155 Ill. 2d 402, 411, 615 N.E.2d 736, 740 (1993).
 Adverse possession, as the name implies, depends upon
possession or use of land, not title. Both parties acknowledge
that a claim of adverse possession arises upon the running of the
20-year statute of limitations relating to actions to recover
real property. 735 ILCS 5/13--101 (West 1994). To establish
title by adverse possession under the 20-year limitations
statute, a party must prove that his possession was (1)
continuous; (2) hostile or adverse; (3) actual; (4) open,
notorious, and exclusive; and (5) under a claim of title
inconsistent with that of the true owner. See, e.g., Stankewitz
v. Boho, 287 Ill. App. 3d 515, 518, 678 N.E.2d 1247, 1249 (1997). 
The issue to be determined here is whether the first element,
continuity, has been met. The parties disagree as to whether the
statutory period was interrupted by the automatic bankruptcy stay
on December 19, 1977, the date the petition for reorganization
was filed. No case has been cited to us nor has our research
revealed any case, in Illinois or any jurisdiction, that deals
with the precise issue of whether the filing of a petition for
reorganization, pursuant to section 77 of the Bankruptcy Act of
1898 (11 U.S.C. 1 et seq. 1976), repealed by the Bankruptcy
Reform Act of 1978, 11 U.S.C. app. 101 through 1330 (1978
Supp.), stops the running of time accumulating to the benefit of
an adverse possessor, thus defeating any claim to the debtor's
property through adverse possession.
 The earliest date upon which plaintiff's alleged adverse
possession could have begun was in 1966, when it purchased the
adjacent lot and believed it had also purchased the subject
property. Thus, at the time the Railroad filed its petition for
reorganization in 1977, the plaintiff had been in possession for
only 11 years, nine years less than the required statutory
period. Plaintiff has conceded that, at that point, it had no
claim to the land. We agree and conclude that, at that time,
plaintiff, while it had an incipient claim, was in reality a mere
trespasser. It had no title to the property and it also had no
legal right to possess the property.
 Under section 77(a) of the Bankruptcy Act, which is
applicable here, in railroad cases the reorganization court has
"exclusive" jurisdiction of the debtor and its property wherever
located. See Village of Franklin Park v. Ogilvie, 106 Ill. App.
3d 301, 303, 435 N.E.2d 1177, 1179 (1982). Once the railroad
filed its petition for reorganization, the bankruptcy court had
the power to adjudicate summarily rights and claims to property
that was in the actual or constructive possession of the court. 
Cline v. Kaplan, 323 U.S. 97, 98, 89 L. Ed. 97, 99, 65 S. Ct.
155, 156 (1944). The bankruptcy court had the power to determine
whether it had actual or constructive possession essential to its
jurisdiction to proceed. See, e.g., In re Process-Manz Press,
Inc., 369 F.2d 513 (7th Cir. 1966).
 Under the Bankruptcy Act, a bankruptcy court's summary
jurisdiction over a debtor's property was limited to property in
the debtor's possession at the time of filing the petition;
however, constructive possession was sufficient. Taubel-Scott-
Kitzmiller Co. v. Fox, 264 U.S. 426, 432, 68 L. Ed. 770, 774, 44
S. Ct. 396, 398 (1924). Constructive possession has been found
to exist in a number of situations, including "where the property
is held by some other person, who makes no claim to it." Taubel-
Scott-Kitzmiller, 264 U.S. at 433, 68 L. Ed. at 774, 44 S. Ct. at
399, citing Babbitt v. Dutcher, 216 U.S. 102, 105, 54 L. Ed. 402,
403, 30 S. Ct. 372, 374 (1910). Where "property is not in the
court's possession and a third person asserts a bona fide claim
adverse to the *** trustee in bankruptcy, he has the right to
have the merits of his claim adjudicated." (Emphasis added.)
Cline v. Kaplan, 323 U.S. at 98, 89 L. Ed. at 99, 65 S. Ct. at
156. Since, at the time the Railroad filed its petition, the
plaintiff had no claim, the court obtained possession of the
subject property. Thus, the bankruptcy action served to
interrupt the continuity of possession by the plaintiff.
 Plaintiff contends that, by virtue of its continuous
possession, the court lacked summary jurisdiction over the
subject property. We disagree. Actual or constructive
possession in the adverse claimant alone is not sufficient to
deprive the bankruptcy court of summary jurisdiction. As the
fifth circuit said in American Mannex Corp. v. Huffstutler, 329
F.2d 449, 451 n.4 (5th Cir. 1964), "Possession, actual or
constructive, is *** inconsequential. The important thing is the
lawful, rightful character of that 'possession'." The relevant
question, therefore, is whether a "party has a legal right to
maintain the actual, physical possession." (Emphasis in
original.) American Mannex, 329 F.2d at 451. Thus, plaintiff's
reliance upon Bel Marin Keys Community Services District v. Bel-
Marin Enterprises, Inc., 582 F.2d 477 (9th Cir. 1978) is
misplaced. Bel Marin and cases cited therein, which dealt with
situations where an adverse claim to property had been rightfully
asserted, stand for the proposition that the bankruptcy court
cannot obtain summary jurisdiction when a debtor's property is in
the possession of any party with a substantial adverse claim of
title. Plaintiff here had no such claim to assert in 1977. Mere
possession of property is generally insufficient to create a
claim "adverse" to the bankrupt's estate for the purpose of
depriving the bankruptcy court of power to summarily adjudicate
claims to property; possession must be accompanied by some form
of legal or equitable ownership interest in the property. Gorenz
v. State of Illinois Department of Agriculture, 653 F.2d 1179
(7th Cir. 1981). It has been said that "a substantial adverse
claim exists when the claimant 'discloses a contested matter of
right, involving some fair doubt and reasonable room for
controversy *** in matters either of fact or law.' [Citations.]"
Bradley v. St. Louis Terminal Warehouse Co., 189 F.2d 818, 824
(8th Cir. 1951). Clearly, plaintiff, who had no claim yet at
all, could not have met this test.
 Although the adverse possession claim was not raised,
acknowledged or considered by the bankruptcy court, had it been,
the court would have had the power to examine any such claim
adverse to the bankrupt estate for the purpose of determining
whether it was substantial or merely colorable. The rule is
that, when a controversy arises as to whether there is any
adverse claim, the court can summarily inquire into it, and if
the adverse claim or right is only colorable, the court may make
a judgment as to its merits. See Spach v. Fisher, 310 F.2d 328
(5th Cir. 1962).
 We recognize that summary jurisdiction is not necessarily
presumed and, further, that facts showing summary jurisdiction
usually have to be affirmatively alleged in a turnover petition. 
In re Riding, 44 B.R. 846, 851 (D. Utah 1984). Also, normally
necessary to a bankruptcy court's jurisdiction is a finding by
the court that a claim is merely colorable. See Bradley v. St.
Louis Terminal Warehouse Co., 189 F.2d 818 (8th Cir. 1951). 
Here, since no "claim" was brought to the bankruptcy court's
attention, there was no turnover petition involved nor was there
a finding as to the validity of the plaintiff's claim. We do not
deem these differences important under the facts and equities of
this case. Here, at the time of the filing of the petition, the
plaintiff did not have a substantial claim, a merely colorable
claim or indeed any claim at all. Thus, the bankruptcy court had
jurisdiction over the property.
 Plaintiff has acknowledged that no "claim" existed at the
time of the filing of the petition. Even absent plaintiff's
concessions, an adverse possessor has no claim or cognizable
legal interest in property within its possession prior to the
running of the statute of limitations. Instead, under Illinois
law, plaintiff's status was that of a mere trespasser. See
Chicago & Alton R.R. Co. v. Keegan, 185 Ill. 70, 81, 56 N.E.
1088, 1092 (1900) (until 20 years had passed, putative adverse
possessor was a mere squatter or trespasser and had no real title
as against the true owner of the property). Thus, the bankruptcy
court properly obtained the title and possession of the subject
property. Since plaintiff was not yet a bona fide adverse
claimant in 1977, any statutory period for the purpose of adverse
possession was interrupted at that point.
 Our analysis comports with Congress' purpose in establishing
the federal bankruptcy laws. Congress not only has power to
confer jurisdiction upon the bankruptcy court, but in matters
relating to bankruptcy, its power is paramount. Taubel-Scott-
Kitzmiller Co. v. Fox, 264 U.S. at 430, 68 L. Ed. at 773, 44 S.
Ct. at 398. The United States Supreme Court has noted that "to
facilitate the rehabilitation of the debtor's business, all the
debtor's property must be included in the reorganization estate." 
United States v. Whiting Pools, Inc., 462 U.S. 198, 203, 76 L.
Ed. 2d 515, 521, 103 S. Ct. 2309, 2313 (1983). Although that
case was decided under the Bankruptcy Code and addressed the
interests of secured creditors, the same principle holds true in
the instant case. While we are cognizant of the distinctions
between the Bankruptcy Act and the Bankruptcy Code, the public
policy reasons behind both are the same. The Supreme Court, in
sustaining an exercise of summary jurisdiction, observed that it
had "long recognized that a chief purpose of the bankruptcy laws
is 'to secure a prompt and effectual administration and
settlement of the estate of all bankrupts within a limited period
[citation]." Katchen v. Landy, 382 U.S. 323, 328-29, 15 L. Ed. 2d
391, 396, 86 S. Ct. 467, 472 (1966).
 Plaintiff, citing Butner v. United States, 440 U.S. 48, 59
L. Ed. 2d 136, 99 S. Ct. 914 (1979), and Guertler v. Barlow
Woods, Inc., 230 Ill. App. 3d 933, 596 N.E.2d 24 (1992), contends
that because property interests are created and defined under
state law, absent a federal interest, there is no reason to
analyze its interest in the subject property differently merely
because a party is involved in a bankruptcy proceeding. Since
the result in the instant case is the same when analyzed under
state law, we need not specifically address the federal interest
issue. We note, however, that it is well established that sole
jurisdiction in bankruptcy is lodged in the national government
and that power is paramount and supersedes all inconsistent state
laws. See, e.g., Cassidy v. Kentner, 235 Ill. App. 3d 114, 600
N.E.2d 1200 (1992).
 We also need not address whether Illinois' state law on
adverse possession is inconsistent with or merely ambiguous as to
the federal bankruptcy laws, since this case presents no such
dilemma. Our decision comports with Illinois case law regarding
whether the required element of continuity in adverse possession
has been met. However, when there is an actual conflict between
the federal bankruptcy laws and state law, it is the state law
analysis that is suspended. See Guertler v. Barlow Woods, 230
Ill. App. 3d at 936, 596 N.E.2d at 26.
 Where a record titleholder sought and obtained a zoning
variance for property from a village, this undertaking was
considered by the court to be an act of dominion over the
property by the record titleholder which served to interrupt the
continuity of possession by the adverse possession claimant. Mann
v. LaSalle National Bank, 205 Ill. App. 3d 304, 562 N.E.2d 1033
(1990). In the instant case, in 1977, the record titleholder
filed a petition for reorganization pursuant to section 77 of the
Bankruptcy Act. Such a drastic action as voluntarily filing a
federal bankruptcy action is analogous to making an entry on
land, made openly and under claim of right, with a clearly
indicated purpose of taking possession. We deem this to be an
act of dominion over the property and an assertion of ownership
by the record titleholder sufficient to interrupt plaintiff's
continuity of adverse possession.
 Normally, if suit is brought before rights have accrued
through adverse possession for the statutory time, these rights
can never accrue since the period stops running once suit is
filed. Baird & Warner, Inc. v. Addison Industrial Park, Inc., 70
Ill. App. 3d 59, 75, 387 N.E.2d 831, 845 (1979). While such
suits typically involve state law actions regarding the property,
we believe that the filing of the petition in bankruptcy had the
same effect. An additional burden should not be placed upon a
bankrupt or a trustee in bankruptcy to file an action in
ejectment against a third party who has an unripe and, therefore,
no true adverse claim against the estate of the bankrupt.
 Prior to the Railroad filing its petition in bankruptcy, the
trustee had no right to challenge the plaintiff's trespass. The
plaintiff has contended, however, that after the trustee was
appointed, he should have surveyed the property of the Railroad
and when and if he noticed plaintiff's trespass, filed an
ejectment action. We disagree and see no public policy reason to
adopt a rule that would burden a trustee with the omissions of a
bankrupt title owner who may have unreasonably delayed taking
steps to protect its creditors' and its own interests by filing
an ejectment action. To do so would create the incongruous
result of allowing an adverse possessor greater rights than
secured creditors have to the estate of a bankrupt.
 Once a petition for reorganization is filed pursuant to
section 77 of the Bankruptcy Act of 1898 (11 U.S.C. 77(b)
(1976)(repealed), the estate is regarded as in custodia legis
(Wright v. Abbott Capital Corp., 79 Ill. App. 3d 986, 990, 398
N.E.2d 1147, 1149 (1979)), and the statute of limitations for
adverse possession is interrupted. We need not discuss whether
it begins to run again on the date the petition is filed, on the
date a trustee is appointed or on the date that a final decree
vests title in a new owner, since plaintiff here did not
adversely possess the subject property for 20 years after any of
these occasions.
 We believe that our holding is supported by the language of
the bankruptcy court's final decree. The decree expressly vested
all right, title and interest in the property of the estate in
the reorganized company and further stated that the reorganized
company took the property free and clear of all claims, rights,
demands, interests, liens and encumbrances of every kind and
character. Normally, title by adverse possession will defeat any
legal title and even a tax sale will not stop the running of time
accumulating to the benefit of an adverse possessor. Illinois Ry.
Museum, Inc. v. Siegel, 132 Ill. App. 2d 77, 266 N.E.2d 724
(1971). On the other hand, a tax deed issued pursuant to a
judicial process grants to the purchaser a new and independent
title, free and clear from all previous titles and claims of
every kind and character. Crawford v. Love, 243 Ill. App. 3d 977,
614 N.E.2d 50 (1993). In Crawford, the court held that issuance
of a tax deed under the Revenue Act tolled the period of
limitations as to adverse possession. The final decree here had
the same effect on the title to the subject property.
 It is the well-settled law of this state that, where the
continuity of adverse possession is interrupted before the elapse
of the statutory period, the benefit of the prior adverse
possession is lost and the adverse claimant must commence his
possession again. Yunkes v. Webb, 339 Ill. 22, 26, 170 N.E. 709,
711 (1930); Chicago Steel Rule Die & Fabricators Co. v. Malan
Construction Co., 200 Ill. App. 3d 701, 710, 558 N.E.2d 341, 347
(1990). Thus, any adverse possession claim would not begin to
run again until the effective date of the decree, November 25,
1985. An interruption in the running of the statutory period for
even one day ends it and it must begin anew. Chicago & Alton R.R.
Co. v. Keegan, 185 Ill. 70, 84, 56 N.E. 1088, 1093 (1900).
 The Illinois Supreme Court has also held that, "where the
title to a tract of land has been decreed by a competent court to
belong to a complainant bringing the suit and that the possession
of the defendant is unlawful, such defendant cannot rely upon his
prior possession in a subsequent suit to establish his title but
can only rely upon the new possession held after the decree.
[Citation.]" (Emphasis added.) Busby v. Maus, 294 Ill. 401, 406,
128 N.E. 564, 566 (1920). Again, because we believe the filing
of a petition in bankruptcy to be as sufficient an exercise of
the owner's dominion over property as is a state law action for
ejectment, we believe the same reasoning applies to the decree
issued by the bankruptcy court.
 Accordingly, we hold that the filing of a petition in
bankruptcy by a true titleholder of property, before the 20-year
statute of limitations for adverse possession has expired,
interrupts the running of the statutory period on any incipient
claim of adverse possession. The order of the circuit court
denying plaintiff's motion for summary judgment and granting
defendant's motion for summary judgment is affirmed. 
 Affirmed.
 TULLY, P.J., and CERDA, J., concur.